LONG ISLAND COACH COMPANY, INC., Plaintiff, *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant.

First Department, March 30, 1928.

Insurance — liability insurance — defendant issued policy covering motor buses of plaintiff — policy provides that defendant's liability is limited on all judgments recovered arising out of same transaction to $5,000 for bodily injuries or death " to be apportioned ratably among judgment creditors according to the amounts of their respective judgments "— automobile collision caused injuries to many passengers — present action is to recover $600 paid on judgments recovered against plaintiff — several claims have been settled and paid — contention by defendant that under policy and Highway Law, § 282-b, no liability exists until all claims are in judgment, cannot be sustained.

The plaintiff is the owner of motor buses and seeks to recover from the defendant insurance company $600 paid on judgments recovered against the plaintiff in cases arising out of an accident in which many passengers were injured. The policy of liability insurance issued to the plaintiff provides that the defendant's liability is limited on " all judgments recovered upon claims arising out of the same transaction or transactions connected with the same subject of action to Five Thousand Dollars ($5,000) for bodily injuries or death * * *, to be apportioned ratably among the judgment creditors according to the amount of their respective judgments * * *."

The defendant contends that under the policy and section 282-b of the Highway Law its liability on all judgments arising out of one transaction is limited to $5,000 to be apportioned ratably among the judgment creditors, and that until all claims have been settled, reduced to judgment, or outlawed by the Statute of Limitations it cannot be held liable on judgments already procured. The

practical construction of the policy by the defendant shows that such construction was not in the minds of the parties, since it appears that the defendant has already settled twenty-two cases for the total sum of $3,298.50. This action on the part of the defendant indicates that it considered the policy one of general liability or indemnity insurance.

Section 282-b of the Highway Law does not so define and direct the manner in which the defendant's liability may be discharged as to require the court to adopt the defendant's construction of the limitation provision contained in the policy. Such a construction would be both unreasonable and unworkable and would not conform to the real purpose of the statute.

O'MALLEY and MERRELL, JJ., dissent, with opinion.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 546 of the Civil Practice Act.

*Reginald V. Spell,* for the plaintiff.

*John P. Carson,* for the defendant.

MARTIN, J. The plaintiff Long Island Coach Company, Inc., seeks to recover from defendant insurance company $600 paid on judgments recovered against plaintiff. The coach company holds defendant's policy. It provides: " 1. The Insurers agree to indemnify the Assured against loss arising from the liability imposed by law upon the Assured for damages on account of death or bodily injuries   *   *   *,   resulting from or caused by the operation, maintenance, use or the defective construction of the motor vehicles described in the schedule annexed hereto,   *   *   *."

The defendant contends that under the policy and section 282-b of the Highway Law (added by Laws of 1922, chap. 612, as amd. by Laws of 1927, chap. 278), its liability on all judgments resulting from one " transaction " is limited to $5,000 to be apportioned ratably among the judgment creditors according to the amounts of their respective judgments.

The policy was in force on August 20, 1927, when a collision occurred between two automobiles owned, operated and controlled by the plaintiff, in which many passengers received personal injuries. Actions were commenced in the Supreme, City and Municipal Courts. Settlement was made of twenty-two claims, and there are twelve other known claims unsettled on which no legal action has been taken.

The policy contains the following: " 3. The liability of the Insurers for loss resulting from any one judgment is limited to Two Thousand Five Hundred Dollars ($2,500) for bodily injuries or death, and Five Hundred Dollars ($500) for damage to or destruction of property, and on all judgments recovered upon claims arising out of the same transaction or transactions connected with the same subject of action to Five Thousand Dollars ($5,000)

for bodily injuries or death, and One Thousand Dollars ($1,000) for damage to or destruction of property, to be apportioned ratably among the judgment creditors according to the amount of their respective judgments    *    *    *."

The insurance company settled twenty-two cases for the total sum of $3,298.50. This would seem to indicate a practical construction of the contract and to show that when the policy was made the defendant considered it one purely of liability or indemnity insurance.

In *City of New York* v. *N. Y. City Railway Co.* (193 N. Y. 543) the court said: " When the parties to a contract of doubtful meaning, guided by self-interest, enforce it for a long time by a consistent and uniform course of conduct, so as to give it a practical meaning, the courts will treat it as having that meaning, even if as an original proposition they might have given it a different one."

The policy is to be construed liberally in favor of the insured and strictly as against the insurance company. In the case of *Bushey & Sons* v. *American Insurance Co.* (237 N. Y. 24) the court said that if the language is " fairly susceptible of two interpretations, one of which being that contended for by the insured, it should be most strongly construed against the insurer."

In this case the ambiguity, if any, is brought about by the clause which states that the liability of the insurance company is limited to $5,000 on all judgments for personal injuries or death arising out of the same transaction, to be apportioned ratably among the judgment creditors according to the amount of their respective judgments.

It is the defendant's contention that, though the contract is to indemnify plaintiff against liability imposed by law, defendant's liability is limited to a stated amount and that this amount is to be apportioned ratably among the judgment creditors according to the amount of their respective judgments. The defendant's contention is in effect that until all claims have been reduced to judgment or outlawed by the Statute of Limitations there exists no liability on its part.

If one of the injured persons were less than a year old, the Statute of Limitations would not run for over twenty years. (See Civ. Prac. Act, §§ 48, 49, 60.) Surely it cannot be said that it was the intention of the parties to deprive the assured of the stipulated protection for such a period of time. Such a policy would be worthless.

Again, the contract provides for continuing liability on the one hand, and, on the other hand, for continuing protection against loss. Should the assured be so unfortunate as to have its vehicles

involved in a series of accidents its resources might be exhausted in making payment of judgments secured against it before the last possible claim was barred by the Statute of Limitations. Such a result would leave the insured without protection. An innocent third party might find itself in the same position, although given the right by section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639) to proceed against the insurer in case of insolvency or bankruptcy of the judgment debtor.

We do not agree that section 282-b of the Highway Law so defines and directs the manner in which the insurer's liability shall be discharged as to require us to adopt defendant's construction of the provisions for limitation on its liability. The statute is addressed not to the defendant but to the plaintiff, telling the latter what it shall do; and it was passed for the benefit and protection of the public, a purpose which such a construction might defeat.

The statute must receive a reasonable interpretation, keeping in mind at all times its purpose. The defendant demands a most unreasonable and unworkable interpretation based on a theory that would often exempt it from liability.

Until there is bankruptcy or insolvency the provisions of the statute relied on by defendant do not apply. When the law says that the amount that the company is liable for is to be apportioned ratably among the judgment creditors according to the amount of their respective judgments, it clearly contemplates a case where due to insolvency the amount of the bond must be distributed ratably among the creditors.

Judgment should, therefore, be directed in favor of plaintiff against the defendant for $600, with interest from October 20, 1927, and with costs.

DOWLING, P. J., and PROSKAUER, J., concur; MERRELL and O'MALLEY, JJ., dissent.

O'MALLEY, J. (dissenting). The plaintiff was, on August 20, 1927, engaged as a common carrier of passengers for hire. In such business it operated a number of automobile buses. On that day a collision occurred between two of the motor vehicles so operated by the plaintiff and sixty-one persons have made claims for injuries which resulted. Four actions for the full jurisdictional amount were commenced against the plaintiff in different districts of the Municipal Court of the City of New York, which actions are now pending and untried. Two actions commenced in other districts of the Municipal Court have been reduced to judgments

in the aggregate sum of $600 and fully paid pursuant to executions issued thereon against the plaintiff herein.   Some twelve actions have been commenced in the City Court of the City of New York, and seven in the Supreme Court.   In addition claims have been made but no action started by other passengers.

It is maintained by the plaintiff that it is forthwith entitled to recover $600, the amount of the Municipal Court judgments referred to, from the defendant.   The claim is predicated upon a certain policy of insurance.   By such the defendant agreed to indemnify the plaintiff against loss from the liability imposed by law upon it for damages on account of death or bodily injuries resulting from or caused by the operation, maintenance or use of the motor vehicles in question.

The policy provided: " The liability of the Insurers for loss resulting from any one judgment is limited   *   *   *   on all judgments recovered upon claims arising out of the same transaction or transactions connected with the same subject of action to Five Thousand Dollars ($5,000.00) for bodily injuries or death,   *   *   * to be apportioned ratably among the judgment creditors according to the amount of their respective judgments,   *   *   *."

Whether the plaintiff is now entitled to recover depends chiefly, if not entirely, upon the construction to be given to the language of the quoted provision.   We may take it for granted that if there are conflicting provisions in the agreement they should be construed in favor of the insured and against the insurer.

The policy under the facts stipulated was clearly obtained by the plaintiff and given by the defendant pursuant to section 282-b of the Highway Law (added by Laws of 1922, chap. 612, as amd. by Laws of 1927, chap. 278).   This statute, except as therein specified, requires all parties engaged in the business of carrying passengers for hire to carry a bond or policy such as is here involved and authorizes the use of the language above quoted to be incorporated in the policy.   The construction of the policy, therefore, rests in some degree upon the interpretation of the statute.

In construing the latter we must have clearly in mind the evil sought to be remedied as well as the statute itself.   (*Woollcott* v. *Shubert*, 217 N. Y. 212, 221.)   This particular statute clearly had in mind the protection of the public.   It was enacted to insure that a party injured through the negligence of an operator of a vehicle used for public hire should have some means of satisfying a judgment against such person and should not be left without protection against the possible insolvency of such operator.   By providing that where more than one person is injured in one accident the insurance moneys were " to be apportioned ratably

among the judgment creditors," it was clearly contemplated that *all* persons injured in one accident should all be entitled to recourse against the insurance moneys and that if the sum were insufficient to pay in full, then the claims should be paid in such proportion as they may bear to the total amount awarded by judgments.

Under plaintiff's contention this end would be frustrated. It is here stipulated that defendant's total liability is limited to $10,000. The claims now actually in suit are far in excess of such amount. If plaintiff is to recover the full $10,000 by reason of judgments first aggregating that amount, those who later obtain judgments will have no protection with respect to the insurance policy here involved. This is a result clearly not contemplated by the Legislature. It would be most unfair if those but slightly injured, and who for such reason can commence their actions in courts where speedier trials may be had, can thus have their judgment claims paid in full while those grievously injured and who under the law and the terms of this policy would be entitled to larger recoveries from the insurance proceeds, are to be deprived of such right merely because of congestion in calendar conditions or otherwise, by reason of which their claims cannot be reduced to judgment before the insurance fund has been exhausted.

The policy in question was not voluntarily obtained by the plaintiff for its own protection. It obtained such under the mandatory provisions of the statute as a prerequisite to and an indispensable condition of its operation of motor vehicles for hire. If the plaintiff desired insurance for its own protection, there was nothing to prevent it from obtaining such in the usual form. It then would under the circumstances be entitled to reimbursement for the two claims reduced to judgment in districts of the Municipal Court. In construing this contract, therefore, we must, as already stated, bear in mind the evil sought to be remedied by the statute and must have regard for the parties injured, rather than the insured named in the policy.

The provision in the policy that the insured must bring suit within two years after final determination of the litigation after trial, is a workable one under this construction. The plaintiff may commence successive actions as each litigation is finally determined against it, or take other appropriate measures that suggest themselves.

Nor does the fact that the defendant has paid out sums to claimants in satisfaction of their claims for injuries arising in the same accident, require us to construe the policy against the defendant on the ground that it has given a practical construction favorable to the plaintiff. Such fact in ordinary cases may be good evidence

of intention with respect to the meaning of a contract. Here, however, we may not allow it to work against the interest of the real parties in interest, the injured, for whose benefit the legislation was enacted. Moreover, it well may be that as to the payments so made, this defendant will be the sole loser, having by such payments placed itself in the position of a volunteer.

Of course, no construction of this policy entirely free from practical difficulties is possible. But that suggested here seems to us to be required if the purpose of the Legislature is to be given full effect. Resulting hardships are thus not made to rest upon those for whose benefit the statute under consideration was primarily intended.

It follows, therefore, that judgment should be rendered in favor of the defendant.

MERRELL, J., concurs.

Judgment directed for plaintiff for $600, with interest from October 20, 1927, and with costs. Settle order on notice.