EDITH DORNBUSCH, Appellant, *v.* WILLIAM F. DORN-
BUSCH, Respondent.

*Husband and wife — divorce — complaint in action by wife for separa-*
*tion dismissed and judgment directed upon husband's counterclaim*
*for absolute divorce.*

*Dornbusch* v. *Dornbusch,* 223 App. Div. 746, affirmed.

(Argued June 11, 1928; decided July 19, 1928.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered March 8, 1928, affirming a judgment in favor of
defendant entered upon a decision of the court on trial
at Special Term directing a dismissal of the complaint on
the merits in an action for separation and directing judg-
ment for defendant on his counterclaim for absolute
divorce.

*I. Maurice Wormser* and *Benjamin Frindel* for appellant.

*Lyman A. Spalding, Arthur McCausland* and *Frederick*
*Mellor* for respondent.

Judgment affirmed, without costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS,
LEHMAN, KELLOGG and O'BRIEN, JJ.

---

LONG ISLAND COACH COMPANY, Respondent, *v.* HART-
FORD ACCIDENT AND INDEMNITY COMPANY, Appellant.

*Insurance (indemnity) — Highway Law — action to recover amount paid*
*upon judgments for personal injuries — defense that other actions*
*were pending against plaintiff and that amount due on policy must be*
*apportioned ratably among judgment creditors.*

*Long Island Coach Co., Inc.,* v. *Hartford A. & I. Co.,* 223 App. Div.
331, affirmed.

(Argued June 11, 1928; decided July 19, 1928.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered April 27, 1928, in favor of plaintiff upon the
submission of a controversy under sections 546–548 of

the Civil Practice Act. The action was to recover upon a policy of insurance providing: " The Insurers agree to indemnify the Assured against loss arising from the liability imposed by law upon the Assured for damages on account of death or bodily injuries * * *, resulting from or caused by the operation, maintenance, use or the defective construction of the motor vehicles described in the schedule annexed hereto, * * *." The defendant contended that under the policy and section 282-b of the Highway Law, its liability on all judgments resulting from one " transaction " was limited to $5,000 to be apportioned ratably among the judgment creditors according to the amounts of their respective judgments, and that plaintiff had had an accident in which many persons were injured and that the amount sought to be recovered was paid by plaintiff in satisfaction of but two judgments. The Appellate Division held that the provision of the Highway Law for apportionment ratably among judgment creditors is applicable only when the insured is insolvent.

*John P. Carson* for appellant.

*Reginald V. Spell* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MILDRED KANTOR, Appellant and Respondent, *v.* ARISTO HOSIERY CO., INC., Respondent and Appellant.

*Contract — sale — foreign exchange — action to recover for goods sold and delivered, purchase price payable in English currency — rate of exchange at time of breach of contract to be applied in translating damages from pounds to dollars.*

*Kantor v. Aristo Hosiery Co., Inc.,* 222 App. Div. 502, affirmed.
(Argued June 12, 1928; decided July 19, 1928.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 15, 1928, modifying and affirming