PETER BLEIMEYER, as Administrator of the Estate of THERESA BLEIMEYER, Deceased, Appellant and Respondent, *v.* PUBLIC SERVICE MUTUAL CASUALTY INSURANCE CORPORATION, Respondent and Appellant.

(Argued January 9, 1929; decided February 13, 1929.)

*Alton W. Teale* for plaintiff, appellant and respondent. Plaintiff is entitled to recover at this time a judgment for a portion of the principal sum of indemnity covered by the policy of insurance. (*Schroeder* v. *Columbia Casualty Co.*, 126 Misc. Rep. 205; *Schoenfeld* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 203 App. Div. 796; *Roth* v. *National Automobile Casualty Co.*, 202 App. Div. 667; *Juskiewicz* v. *New Jersey F. & P. G. Ins. Co.*, 210 App. Div. 675; *Buskey & Sons* v. *American Ins. Co.*, 237 N. Y. 24; *Cary Brick Co.* v. *Fidelity & Cas. Co.*, 162 App. Div. 873; 220 N. Y. 744; *Foryciarz* v. *Prudential Co.*, 95 Misc. Rep. 306; 177 App. Div. 952; *Columbia Trust Co.* v. *Norske Lloyd Co.*, 100 Misc. Rep. 550; *Hammill* v. *Order of United Comm. Travelers*, 178 App. Div. 338; *Travellers Ins. Co.* v. *Pomerantz*, 124 Misc. Rep. 250.) Plaintiff is entitled to judgment against the defendant for interest from July 22, 1926, upon his share of the $5,000 referred to in the policy of insurance.

(*Cleghorn* v. *Ocean Accident Co.*, 216 App. Div. 342; 244 N. Y. 166.) Plaintiff was entitled to the judgment for costs. (*Cleghorn* v. *Ocean Accident Ins. Co.*, 216 App. Div. 342; 244 N. Y. 166; *Long Island Coach Co.* v. *Hartford A. & I. Co.*, 223 App. Div. 331.)

*Sidney R. Lash* for defendant, respondent and appellant.

CARDOZO, Ch. J. Plaintiff, an administrator, recovered a judgment of upwards of ten thousand dollars against one Lastro, the proprietor of a motor omnibus, for the negligent killing of a passenger. Many other persons were killed or injured at the same time.

Lastro was insolvent, and an execution against his property was returned unsatisfied. He had taken out insurance in accordance with the Highway Law (Cons. Laws, ch. 25), § 282-b, which provides in effect that proprietors of motor vehicles for hire, with exceptions not now material, shall file a bond " in the sum of two thousand five hundred dollars, conditioned for the payment of any judgment recovered against such person, firm, association or corporation for death or for injury to persons or property caused in the operation, maintenance, use or the defective construction of such motor vehicle, provided that such bond or policy may limit the liability of the surety or insurer on any one judgment to twenty-five hundred dollars for bodily injuries or death, and five hundred dollars for damage to or destruction of property, and on all judgments recovered upon claims arising out of the same transaction or transactions connected with the same subject of action to five thousand dollars for bodily injuries or death and one thousand dollars for damages to or destruction of property, to be apportioned ratably among the judgment creditors according to the amount of their respective judgments." These limits of liability were adopted in the policy with certain additional obligations in respect of costs and interest.

On the return of the execution against Lastro, plaintiff

brought this action against the defendant, the insurer. He stated in his complaint that other claims had been made for damages sustained by others as an outcome of the same disaster, but that none of these had been reduced to judgment, though suits were pending undetermined. He asked that the maximum payable under the statutory bond be paid to him for his own use, and that under other clauses of the policy he be paid in addition the costs of the Lastro action, $107.40, as well as interest included in the judgment and afterwards accruing. The defendant answered in effect that by reason of the insolvency of Lastro, the judgment debtor, the money payable under the bond, $5,000, was a fund for the ratable protection of the victims of the casualty, and that it was ready to pay the money into court, to abide the recovery of judgments by the claimants and the court's direction in the premises. Upon a motion for judgment on the pleadings, there was an order, unanimously affirmed at the Appellate Division, that the plaintiff's action was premature in so far as it sought relief upon the statutory bond, but that the costs of the Lastro action, $107.40, might be presently recovered. Both parties appeal here, the plaintiff from the denial of the principal relief, the defendant from the award of costs.

We think the proper form of remedy, where several persons have been killed or injured as the result of a single casualty and the wrongdoer is insolvent, is an equitable action by a judgment creditor suing in his own behalf and in behalf of any others similarly situated, to administer the proceeds of the bond as a fund created by the statute for ratable protection (*Guffanti* v. *Nat. Surety Co.*, 196 N. Y. 452, 456, 457; *Bottlers Seal Co.* v. *Rainey*, 243 N. Y. 333; *Mann* v. *Pentz*, 3 N. Y..415, 423). The statute is explicit to the effect that the moneys due under the bond are " to be apportioned ratably among the judgment creditors according to the amount of their

respective judgments." This scheme will be frustrated if a single claimant may gain a preference over others and appropriate to his own use something more than his proportionate share of the general security (*Guffanti* v. *Nat. Surety Co.*, *supra*). The appropriate remedy in such conditions is an action in equity for proportionate division (*Mann* v. *Pentz*, *supra*). We do not hold with the courts below that a claimant must postpone his action on the bond until the rights of other claimants have been barred by limitation. This might result in postponement for twenty-one years or longer, which would make the remedy illusory. The action is not premature, but its form must be adapted to the needs of the occasion. In an action in equity, the court may direct an interlocutory judgment requiring other judgment creditors to prove their claims within a stated time if they wish to share in the security (*Brinckerhoff* v. *Bostwick*, 99 N. Y. 185, 194; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166). If claims are in litigation, but have not yet been reduced to judgment, there may be a reasonable allowance of time, six months, or a year, or whatever other period may be fair in the light of all the circumstances, within which claims may be perfected. When the allotted time shall have elapsed, final judgment may be rendered for the division of the fund among the judgment creditors entitled.

Nothing to the contrary was held in *Long Island Coach Co.* v. *Hartford Accident & Indemnity Co.* (223 App. Div. 331; affd., 248 N. Y. 629). What was before us there was not an action by a creditor, but an action by a solvent holder of a policy, who had paid a claim for damages, and was seeking reimbursement from the insurer in accordance with his contract. There can be no basis for a resort to a remedy in equity until the insolvency of the insured brings the fund into being as one presently available for the security of creditors.

The plaintiff, suing at law for himself and no one else,

has misconceived the remedy, and the misconception would sustain a dismissal of the action, in so far as it is based upon the bond exacted by the statute, if the defect were not supplied by the admissions of the answer. The defendant professes its readiness to pay the money into court, and prays for a determination of the rights and interests of claimants. We think the action should be retained for the entry of an interlocutory judgment upon the admissions of the counterclaim. The fund to be deposited should include interest from the date of service of the counterclaim at the statutory rate (*Tuzzeo* v. *Am. Bonding Co.*, 226 N. Y. 171, 179). The defendant will continue liable, beyond the sum so deposited, for interest previously accruing upon the share ultimately adjudged to be payable to the plaintiff. This liability follows, not from any general rule in respect of interest (*Tuzzeo* v. *Am. Bonding Co.*, *supra*), but from special provisions of this policy enlarging to that extent the measure of recovery. The share on which interest is to be computed being incapable of ascertainment in advance of the final judgment, recovery of interest (except as above provided) must be correspondingly postponed.

What has been written has had reference to the appeal prosecuted by the plaintiff. With reference to the defendant's appeal a statement of our conclusion will suffice without minute analysis. The language of the policy is awkward and obscure. We read it against the insurer when choice is nicely balanced. So read, we think it charges the defendant with a liability for the costs of the primary litigation in excess of the liability exacted by the statute. Since the liability thus added is not shared by other creditors, there is no occasion for its apportionment. Payment to that extent may be presently made, and made directly to the plaintiff, the holder of the judgment.

Upon the appeal by the plaintiff, the order of the Appellate Division and the judgment of the Special Term

should be reversed, without costs, and the cause remitted to the Special Term for the entry of an interlocutory judgment upon the counterclaim in accordance with this opinion, and the questions certified are answered " No."

Upon the appeal by the defendant, the order should be affirmed, with costs, and the question certified answered " Yes."

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.