JENNIE FRANK and Another, Plaintiffs, *v.* HARTFORD ACCIDENT
AND INDEMNITY COMPANY, Defendant.

Supreme Court, New York County, January 28, 1930.

*Frackman & Robins* [*Joseph H. Robins* of counsel], for the plaintiffs.

*William A. Earl*, for the defendant.

Townley, J. The Long Island Coach Company, Inc., was engaged in the operation of motorbuses for hire on Long Island. On July 6, 1927, it obtained from the defendant a policy whereby the defendant agreed to indemnify the assured against loss arising from the liability imposed by law upon the assured for damages on account of death or bodily injuries, or on account of injuries to or destruction of property, resulting from or caused by the operation, maintenance, use or the defective construction of such motor vehicles, suffered or alleged to have been suffered within the policy period by any person or persons. On August 20, 1927, when such policy was in full force and effect, a collision occurred between two motorbuses owned and operated by the insured, which were traveling in opposite directions. Plaintiff Jennie Frank, a passenger, sus-

tained bodily injuries. She brought an action against the insured and recovered a judgment for $500. The plaintiff Max Frank, her husband, also sued for loss of her services, and obtained a judgment for $150. Executions were issued on the judgments and returned unsatisfied. During 1928 eight other judgments, aggregating $2,116, were obtained against the insured for personal injuries sustained in the same accident, or loss of services resulting therefrom, and they are unpaid. In addition there are twenty pending actions for personal injuries sustained in said accident, or for loss of services resulting therefrom, in which the complaints demand judgments aggregating $131,000.

The policy provided, among other things, that the liability of the insurer for loss resulting from any one *judgment* is limited to $2,500 for bodily injuries or death, and $500 for damage to or destruction of property, and on all *judgments* recovered upon claims arising out of the same transaction or transactions connected with the same subject of action to $10,000 for bodily injuries and death, and $1,000 for damage to or destruction of property, to be apportioned ratably among the *judgment creditors* according to the amount of their respective *judgments*, and there shall be a continuing liability of the insurers for such amounts under this policy notwithstanding any recovery hereunder. Such a policy was required by statute to be filed by the assured.

The Highway Law (§ 282-b, added by Laws of 1922, chap. 612, as amd. by Laws of 1927, chap. 278, and in force and effect when the policy was issued and the accident occurred)* required that every person or corporation engaged in the business of carrying or transporting passengers for hire in any motor vehicle, with certain exceptions not here applying, which shall be operated over, upon or along any public street or highway in the State of New York, shall deposit and file with the Commissioner of Motor Vehicles for each motor vehicle intended to be so operated a personal bond or a policy of insurance in the sum of $2,500, conditioned for the payment of any *judgment* recovered against such person or corporation for death or for injury to persons or property caused in the operation, maintenance, use or defective construction of such motor vehicle, provided that such bond or policy may limit the liability of the surety or insurer " on any one *judgment* to two thousand five hundred dollars for bodily injuries or death, and five hundred dollars for damage to or destruction of property, and on all *judgments* recovered upon claims arising out of the same transaction or transactions connected with the same subject of action to five thousand dollars for bodily injuries or death and one thousand dollars for damages to or destruction of property, to be apportioned ratably among the judgment

---

* See Vehicle and Traffic Law, § 17, added by Laws of 1929, chap. 54.—[REP.

creditors according to the amount of their respective judgments. Such bond or policy of insurance shall contain a provision for a continuing liability thereunder notwithstanding any recovery thereon." The policy also provided that bankruptcy or insolvency of the assured shall not release the insurer from payment of damages for injury sustained or loss occasioned during the life of the policy, but in case execution against the assured is returned unsatisfied in an action brought by the person sustaining such loss or injury, or his or her personal representatives in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by such person or representatives against the insurer under the terms of the policy for the amount of the judgment in said action not exceeding the amount of the policy. Such a provision was required to be contained in every such policy by section 109 of the Insurance Law, in force at the time of its issuance and of the accident.

Plaintiffs bring this action in equity, on behalf of themselves and any other judgment creditors similarly situated who will join in the prosecution and contribute to the expense, for judgment that defendant be decreed to deposit into court the full amount ($10,000) of the policy, together with interest, costs, expenses and allowances for which defendant may be adjudged liable, to be used for the purpose of apportioning the same among the judgment creditors entitled to participate therein, after the deduction of all costs and expenses, and a suitable counsel fee; that interlocutory judgment be entered requiring all such judgment creditors to prove their claims within a stated time; also that all such claimants having claims not reduced to judgment perfect them into judgments within a stated time or prove their claims before the court or a referee, and that all who do not prove their judgments or claims within such stated time be forever barred of any right to share in the proceeds of the policy; and that final judgment be entered for distribution of the fund.

The Court of Appeals has considered the provisions of section 282-b of the Highway Law and held that such an action in equity is the proper and appropriate proceeding to accomplish the object of that section (*Bleimeyer* v. *Public Service Mutual Casualty Ins. Corp.*, 250 N. Y. 264), where the wrongdoer is insolvent and several persons have been killed or injured as the result of a single casualty. The action should be to administer the proceeds of the bond " as a fund *created by the statute* for ratable protection." Section 109 of the Insurance Law was not considered or referred to. Insolvency of the wrongdoer, the insured, was held, however, to be an essential element to authorize such relief. The case, then recently decided

by that court, of *Long Island Coach Co.* (the insured here) v. *Hartford Accident & Indemnity Co.* (this defendant) (223 App. Div. 331; affd., no opi .ion, 248 N. Y. 629), in which it was held that the insured, the wrongdoer, could recover from the insurer the full amount of judgments for damages paid by it, without regard to the pendency of other suits for damages against the wrongdoer, was distinguished on the ground that it was " not an action by a creditor, but an action by a *solvent* holder of a policy, who had paid a claim for damages, and was seeking reimbursement from the insurer in accordance with his contract. There can be no basis for a resort to a remedy in equity until the *insolvency of the insured* brings the fund into being as one presently available for the security of creditors." (250 N. Y. 269.)

The answer sets up a separate defense, which alleged that the defendant had paid by virtue of the policy $3,383.50 in settlement of claims when the insured was solvent and enumerated the particular claimants, addresses and amounts. It also alleges that it had paid $618, levied upon by creditors of the insured, said amount representing a judgment obtained by the insured against the defendant. The $618 was levied on two specified judgments against the insured. The total of all of such sums is $4,001.50, and the defense states: " The defendant hereby tenders to the court the sum of $5,998.50, the balance of the amount of defendant's coverage, to be administered by the court in accordance with the terms and provisions of said policy or bond." The defense also sets forth the names of three persons who were in the buses at the time of the accident, but had not made formal claims.

The questions presented for determination thus relate to said payments by the defendant, aggregating $4,001.50. When paying the fund into court, is the defendant entitled to deduct such amount from the limit of $10,000 fixed in the policy on all judgments recovered upon claims arising out of the same transaction for bodily injuries or death? Considering first the payments in settlement of claims of $3,383.50: The provision as to the limit of insurance on all judgments was inserted in the policy pursuant to the statute for the protection of judgment creditors. It is specifically in the language required by the statute, and as such a limitation applying only to judgments. Any other liability under the policy is not affected by such limitation. When the insurer paid the claims, on which no judgments had been obtained, it did so voluntarily; without regard to the limitation, which provides only for judgments and it took the chance of being required to thereafter pay out the full limitation of $10,000 upon judgments, either in full satisfaction of judgments duly entered, the insured being solvent, or partially

and in proportionate shares, if the insured became insolvent and the amount of judgments exceeded the limitation.

As stated in the *Bleimeyer Case (supra)*: " The statute is explicit to the effect that the moneys due under the bond are ' to be apportioned ratably *among the judgment creditors* according to the amount of their respective *judgments.*' " (250 N. Y. 268, 269.) Such result follows even though the provision for continuing liability be construed to apply only in the event of the occurrence of subsequent accidents. A deduction, therefore, may not be allowed of the amount paid in settlement of claims not perfected in judgments.

Considering next the amount paid for judgments while the insured was solvent: The judgments were paid to the insured by the insurer after the former had sued thereon and obtained judgment therefor against the latter. It was held in that action (*Long Island Coach Co., Inc.*, v. *Hartford Accident & Indemnity Co., supra*) that the insured was required by the policy to pay the judgments in full and that the provisions for ratable apportionment among the judgment creditors, inserted pursuant to the statute, does not apply " until there is bankruptcy or insolvency. * * * When the law says that the amount that the company is liable for is to be apportioned ratably among the judgment creditors according to the amount of their respective judgments, it clearly contemplates a case *where, due to insolvency*, the amount of the bond must be distributed ratably among the creditors." (223 App. Div. at p. 334.) The insurer was thus required to pay the judgments in full, because there was no proof of the insolvency or bankruptcy of the insured.

The amounts of such judgments must be deducted from the $10,000 limitation. If, however, the total judgments, and claims hereafter allowed in lieu of judgments, exceed the limitation of $10,000, the deduction should be only to the extent of such an amount as these judgments would be entitled to upon a ratable apportionment with the other judgments and claims hereafter allowed herein in lieu of judgments, for it is the explicit command of the statute and provision of the policy with respect to the limitation of $10,000 that it shall be apportioned ratably among the judgment creditors. In that event it is the defendant's misfortune that under other provisions of the policy it was compelled to pay such judgments in full. I am satisfied that at the time of the rendition of the judgments obtained by plaintiffs the insured was insolvent, and such insolvency continued thereafter, upon the evidence as to the issuance of executions and their return unsatisfied and the other evidence, and that accordingly this action is the proper remedy under the *Bleimeyer* case for the disposition of the fund.

As to the costs taxed in the actions against the insured and

included in the judgments obtained there is no need for apportionment or deposit. As held in the *Bleimeyer Case* (250 N. Y. 270), the provision as to such costs contained in the policy charges the defendant with a liability for such costs in excess of the liability exacted by the statute and fixed by limitation at $10,000. The insurer is liable for the full amount of such costs to each judgment creditor and the interlocutory judgment will provide that the defendant pay forthwith the costs awarded in the plaintiffs' judgments and have execution against the defendant therefor, and that the final judgment will provide for similar payment of the costs awarded by any other judgments duly proved in this action as hereinafter required.

Interlocutory judgment will be entered requiring the defendant to deposit with a receiver to be named therein $10,000, the total amount payable under the provisions of the policy, with interest thereon at the rate of six per cent per annum from the date of service of defendant's answer herein; that it be referred to an official referee to take proof of other judgments against the insured, and claims against the insured not reduced to judgment; that said referee notify by registered mail the claimants and attorneys stated in defendant's answer and publish a notice in two newspapers twice a week for three successive weeks requiring all persons having judgments or claims against the insured arising out of the specified accident for personal injuries or death to prove the same before the said referee on or before the expiration of a period of six months from the date of the first publication, or be forever barred from participating in the said insurance fund; that the defendant be directed to pay forthwith the costs awarded by plaintiffs' judgments against the insurer and have execution therefor; that plaintiffs' attorney be awarded counsel fees in a specified sum, payable out of the fund; that upon the coming in of the referee's report final judgment be entered directing distribution of the fund by the receiver, who shall first deduct his fees and expenses and pay the plaintiffs' attorneys counsel fees, as fixed in the interlocutory judgment, and then if the total judgments and claims allowed exceed $10,000 distribute the balance, principal and interest, ratably, according to the amounts of their judgments and claims, among the plaintiffs and other judgment creditors and claimants, who shall have established their claims before the official referee, with interest on such proportionate amounts of judgments from date of entry to date when the answer herein was served, and that the defendant be paid proportionate shares of the two judgments heretofore paid by it and interest, and that all other persons be forever barred from participation in the fund, and that if the fund exceeds the total amount of all such judgments and claims, with

interest, that same be paid in full, with interest, and the surplus refunded to the defendant, and that all costs, taxed or awarded which are included in judgments allowed, other than the plaintiffs' judgments, be paid by defendant forthwith, and that the parties entitled have execution against the defendant therefor; that the plaintiffs have costs against the defendant and that plaintiffs have execution therefor.

Submit decision and interlocutory judgment on notice, and plaintiffs' attorneys will also submit affidavit of services for award of counsel fees.