KATHLEEN O'DONNELL *vs.* NEW AMSTERDAM CASUALTY CO.

HELEN LUNDBLAD *vs.* SAME.

ROY LUNDBLAD *vs.* SAME.

ALICE R. WALKER *vs.* SAME.

JUNE 21, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Barrows, JJ.

STEARNS, C. J. After an opinion was rendered in these cases, the parties have been heard on the question of the distribution of the proceeds of the insurance policy.

Section 7, Chapter 258, G. L. 1923, provides that the insurer shall be directly liable to the injured party but shall not be joined as defendant in the action to establish liability of the insurer; the injured party after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer. The statute does not provide for any procedure in such action against the insurer different from the usual action on a judgment.

The defendant's total liability under the policy is limited to $20,000 for injuries or death of one or more persons in any one accident; the maximum liability for any one person injured or killed is $10,000; defendant also agrees to pay all costs taxed against the insured. The total of the judgments against the insured, Providence-Worcester Coach Line, Inc., in these four cases was $55,000. There are numerous other cases against the insured arising out of the same accident, which have not been brought to trial but no injured person, other than these plaintiffs, claims any right to share in the indemnity.

The statute does not provide that all of the persons injured in any accident shall share in the policy *pro rata*. In effect the statute simply provides for a special fund from which, until it is exhausted, those injured can collect damages if the insured does not pay. This fund is available to those only who prosecute their claims against the insured, secure a judgment and proceed to enforce that judgment against the insurer in accordance with the established practice respecting judgments and executions. See *Turk* v. *Goldberg*, 91 N. J. Eq. 283; *contra Darrah* v. *The Lion Bonding and Surety Co.*, 200 S. W. (Texas) 1101.

Inasmuch as these plaintiffs have agreed upon the distribution of the proceeds of this policy, the question of priority in the distribution does not now arise.

The Insurance Co. on satisfaction of the above mentioned judgments to the full extent of its liability, including also the costs, is discharged from further liability for the amount of the policy.

These cases are remitted to the Superior Court with directions to enter judgments for the several plaintiffs as follows:

*Kathleen O'Donnell* v. *New Amsterdam Casualty Co.* $7,864.33 and plaintiff's costs in the present action, said sum of $7,864.33 being the total of $7,750.00 on account of the judgment recovered by such plaintiff in the United States District Court in the case of Kathleen O'Donnell *v.* Providence-Worcester Coach Line, Inc., plus $114.33, the amount of plaintiff's costs in said action in the United States District Court.

*Helen Lundblad* v. *New Amsterdam Casualty Co.* $7,027.86 and plaintiff's costs in the present action, said sum of $7,027.86 being the total of $6,923.07 on account of the judgment recovered by such plaintiff in the United States District Court in the case of Helen Lundblad *v.* Providence-Worcester Coach Line, Inc., plus $104.79, plaintiff's costs in said action in the United States District Court.

*Roy Lundblad* v. *New Amsterdam Casualty Co.* $3,124.69 and plaintiff's costs in the present action, said sum of $3,124.69 being the total of $3,076.93 on account of the judgment recovered by such plaintiff in the United States District Court in the case of Roy Lundblad *v.* Providence-Worcester Coach Line, Inc., plus $47.76, the amount of plaintiff's costs in said action in the United States District Court.

*Alice R. Walker* v. *New Amsterdam Casualty Co.* $2,270.05 and plaintiff's costs in the present action, said sum of $2,270.05 being the total of $2,250.00 the amount of the judgment recovered by plaintiff in the Superior Court in the case of Alice R. Walker *v.* Providence-Worcester Coach Line, Inc., plus $20.05, the amount of plaintiff's costs in said action in the Superior Court.

*Clifford A. Brownell, George P. Slade, Greenough, Lyman & Cross,* for plaintiffs Lundblad.
*Edward F. McElroy,* for plaintiff Walker.
*Frederick A. Jones,* for defendant.