SARAH STOLOVE, Plaintiff, *v.* FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant.

Supreme Court, Rockland County, September 14, 1935.

*Murry C. Becker*, for the plaintiff.

*Caverly, Dimond, Barton & O'Gorman*, for the defendant.

TAYLOR, J. Plaintiff's motion for summary judgment (Rules Civ. Prac. rule 113) is denied; and defendant's cross-motion for like relief is granted, and plaintiff's complaint is dismissed upon the merits, but without costs either of the motion or of the action. My reasons are: The relevant facts are undisputed. Upon those facts, as a matter of law, when the defendant paid to the Myrtle Henion estate the total sum of $11,811.21, in full of a judgment for $11,118.04 for damages, interest and costs (recovered before the Stolove judgments) and a judgment for the costs of affirmance, $101.90, each with interest, said defendant discharged in full its obligations under its policy arising by reason of the relevant accident. The policy did not obligate the defendant either by the express terms thereof or by necessary or any implication therefrom, nor when read in connection with section 109 of the Insurance Law, to distribute the

amount of defendant's said liability as limited therein, ratably between the estates of the two persons (Henion and Stolove) regrettably killed in said accident. The policy was one of indemnity, and inasmuch as the amount limited therein was exhausted by the payment of the Henion judgment thus first recovered, and the appeal costs, there is no further liability by reason of said accident on defendant's part to any one under the terms of the policy and the provisions of section 109 of the Insurance Law. The policy expressly provided for such indemnity in the first clause of the " insuring agreement " therein, " within the limits specified in Statement 4 of the Schedule of Statements." Said statement 4 in relevant part reads as follows: " Statement 4. The limits of liability, basis of premium and the number and description of all automobiles covered by this policy are as follows: Public Liability: (Limit any one person Ten Thousand Dollars ($10,000.) (Limit any one accident Ten Thousand Dollars ($10,000) Premium $847.00." It is trite that the court may not make a new insurance contract by reading into this policy a clause providing for such ratable distribution of the said limited amount of defendant's liability; nor may it construe as providing for such ratable distribution clauses of the policy which plainly do not warrant such construction. " The policy under consideration must be held limited in coverage to the agreement of the parties as expressed therein." (*Lavine* v. *Indemnity Ins. Co. of North America*, 260 N. Y. 399, 407.)

Language sufficient to provide for ratable distribution was extant (See *Bleimeyer* v. *Public Service Mutual Casualty Ins. Corp.*, 250 N. Y. 264); but it was not used in this policy. A number of cases in a learned brief which reflects the diligence, zeal and ability of plaintiff's counsel, in my opinion, constitutes no authority for his contention as to the necessity for ratable distribution in the instant case. I mention specifically one of such cases, namely, *Bleimeyer* v. *Public Service Mutual Casualty Ins. Corp.* (*supra*). Therein the highest court construed a bond given under section 282-b of the Highway Law (See present Vehicle and Traffic Law, § 17, subd. 1), which provided that proprietors of motor vehicles for hire should file a bond conditioned for the payment of any judgment recovered for death or injury to person or property caused through the operation of such vehicles, the amount thereof to be apportioned ratably in payment of judgments recovered on claims arising out of the same transaction. The court there held that the proper form of remedy in such a case where several persons had been killed or injured as the result of a single casualty and the wrongdoer is insolvent, is an equitable action by a judgment creditor suing on his own behalf and in behalf of any others similarly situated, to administer the

proceeds of the bond as a fund created by the statute for ratable protection. The case cited clearly does not touch the situation here and constitutes no authority for the plaintiff's contention. It is indeed most regrettable that owing to Goldman's insolvency and the relevant facts otherwise, including the form of this policy, the Stolove judgments are uncollectible. The court, however, may not make them collectible by construing the instant policy in a manner not warranted by its terms, the inferences flowing therefrom, and the relevant law of the State. In passing, I state that I have not overlooked the suggestion of plaintiff's counsel that the payment of the Henion judgments was made by the defendant in its capacity as surety upon the appeal undertaking in the Henion case. The defendant was obligated by the policy to pay the Henion judgments. It paid them. The circumstance that it was such surety upon the undertaking on appeal does not alter the legal situation. The payment was under the policy, for the assured, the defendants in the original Henion judgment.

Settle order on notice.