ANTHONY PISCIOTTA, Suing on Behalf of Himself and on Behalf of All Those Similarly Situated, Plaintiff, *v.* RICHARD W. PRESTON and Others, Defendants.

Supreme Court, Special Term, New York County, November 25, 1938.

*Benjamin Schneider* [*Adolph S. Ziegler* of counsel], for the plaintiff.

*A. P. Robertson* [*Frederick G. Bascom* of counsel], for the defendant Stella Melvin.

*Daniel Miner* [*Allen M. Taylor* of counsel], for the defendant Ætna Casualty and Surety Company.

*Paul L. Boyce* [*John W. Miller* of counsel], for the defendants Grace Tucker, Frank Lozier and John Nealon.

HOFSTADTER, J. On April 24, 1938, an accident occurred in which four automobiles were involved. A number of claims arose from the accident and numerous suits were brought. Two of these have already gone to judgment against the defendant Preston, who is covered by an insurance policy issued by the defendant Ætna Casualty and Surety Company. The other suits, including that of the plaintiff herein, are pending trial.

The complaint alleges that the judgments obtained against the defendants are uncollectible and that if the insurance company

satisfies the outstanding judgments the limits of its coverage will be reached and that nothing will remain for other claimants in the event of a successful outcome of their suits. Accordingly, the plaintiff seeks to enjoin all payments until the other claimants have reduced their claims to judgment, and then request the court to prorate the amount available under the policy of insurance for the benefit of all creditors.

It is well settled that unless a liability policy is issued for the express benefit of a claimant he has no rights thereunder except such as are created by section 109 of the Insurance Law. (*Jackson* v. *Citizens Casualty Co.*, 277 N. Y. 385.) The plaintiff is not a judgment creditor of the assured; he merely expects to be as the result of a pending lawsuit. This court has no power, in the absence of statutory authority, to deprive a party who has already obtained a judgment from enforcing his rights under the statute. A creditor may not be precluded from resorting to a *private* fund in order to satisfy his judgment on the ground that a future creditor may thereby find himself in the position of having an uncollectible judgment against an insolvent debtor. This is true in any case and the general rule applies that the first creditor has precedence.

There is no reported case which is authority for the relief requested by this plaintiff, and there is abundant authority to the contrary. (See *Stolove* v. *Fidelity & Casualty Co.*, 157 Misc. 106; *Turk* v. *Goldberg*, 91 N. J. Eq. 283; 109 A. 732; *O'Donnell* v. *New Amsterdam Casualty Co.*, 50 R. I. 275; 146 A. 770.) In the final analysis this court may not rewrite the policy of insurance to include a clause providing for the ratable distribution of the amount limited by the policy in the event that more than one person is injured in a single accident.

The case of *Bleimeyer* v. *Public Service M. C. Ins. Corp.* (250 N. Y. 264) is distinguishable. This decision involved a bond required by law for the protection of the general public, and, moreover, the governing statute (Vehicle and Traffic Law, § 17, subd. 1) expressly provides that the bond or policy required of a vehicle carrying passengers for hire shall be conditioned that in the event of more than one claim arising out of the same accident the amount of the policy shall be apportioned ratably among the judgment creditors.

The motion is denied. The stay granted on the submission of the motion will be continued for a period of five days from the date of this disposition.