George Tilzer, J.
Motion by defendants Marian J. Brown and Allan Brown to compel plaintiffs to accept (1) the notice to counsel for the judgment creditors; (2) the sworn affidavit of Howard L. Cox, assistant secretary of the United States Fidelity and Guaranty Company, and (3) an undertaking of Maryland Casualty Company, each as required by section 568-a of the Civil Practice Act. Plaintiffs herein have secured judgments in the sums of $25,000 and $20,000 respectively, against the defendants Brown, and defendants have appealed.
Plaintiffs oppose the motion on the ground that the undertaking is insufficient and that said undertaking and the affidavit served therewith do not comply with nor conform to the requirements of 'section 568-a. The main contention of plaintiffs is that section 568-a requires an undertaking to pay the judgment, in the language of the statute, ‘‘ to the extent of the limit of liability in the policy
It appears that out of a single accident, four claims for personal injuries were lodged against the defendants. Two of these claims were by the plaintiffs herein. Two were by individuals named Ruby and Borowiek. The claim of Ruby was settled for $8,000, while that of Borowiek was settled for $6,000.
The amount of coverage under the policy is $10,000 for each personal injury, $20,000 for all persons injured, and $5,000 for property damaged. The defendants Brown upon appeal from the judgments procured by the plaintiffs and to effect the limited stay of execution provided by section 568-a, have delivered *156 to the plaintiffs a statement 'and undertaking in the amount of $6,000. The plaintiffs contend that there may he no stay until an undertaking has been filed in the amount of $20,000, the limit of liability in the policy.
The determination of this motion depends on the interpretation of the above-quoted words of section 568-a: “ to the extent of the limit of liability in the policy ”. No cases have been cited by the parties, and the court, in research, has been unable to find a New York case in point.
By virtue of section 167 of the Insurance Law of this State, a judgment creditor has the right to proceed against an insurer when his judgment remains unsatisfied for 30 days. The right of action thus given, nevertheless, is no greater than that given to the insured (Fox v. Employers’ Liab. Assur. Corp., 243 App. Div. 325, 331, affd. 267 N. Y. 609). The creditor may reach the proceeds of the policy but only in a sum ‘ ‘ not exceeding the amount of the applicable limit of coverage under such policy or contract.” (§ 167.) The applicable limit of coverage, once judgments have been satisfied or settlements effected, available to either the insured or a subsequent judgment creditor, is the liability remaining in the policy. A claimant’s rights are1 equal to those of the insured and equally subject with the insured to the provisions of the policy that settlements may be effected where consummated in good faith. It is concluded that the payments made in settlement of the two claims shall be counted in diminution of the company’s liability and that compliance ha-s been had with section 568-a in filing the statement and undertaking to the extent of the limit of liability remaining in the policy, namely, $6,000 (Bartlett v. Travelers Ins. Co., 117 Conn. 147; Bruyette v. Sandini, 291 Mass. 373; cf., also, Stolove v. Fidelity & Cas. Co., 157 Misc. 106).
The motion is granted. Submit order.