Bernard S. Meyer, J.
The question presented by this omnibus motion is whether after plaintiffs in this action (Action No. 1) have been granted summary judgment and a. date has been set for assessment of damages, the plaintiffs in another action (Action No. 2) against a common defendant growing out of the *68 same accident should be permitted to intervene, or a joint trial or consolidation of the two cases be ordered, or the court’s equity powers used to stay the assessment until the other action has been brought to judgment. Movants are the plaintiffs in Action No. 2. Their motion for summary judgment in that action is presently pending. With commendable frankness they acknowledge that the present motion is prompted by the fact that the common defendant has no assets and is protected by a liability policy, the limits of which are $10,000 and $20,000, which may well be exhausted by the judgment in Action No. 1. The motion is in all respects denied.
The contest of multiple plaintiffs for the limited assets of a common defendant is one which the common law has generally solved in terms of chronological priority. Phrases such as ‘ ‘ race of diligence ’ ’ and 4 ‘ first in time, first in right ’ ’ are thus common in commercial matters. Exceptions are made only when the prior right is obtained fraudulently (e.g., Debtor and Creditor Law, art. 10) or in violation of the Bankruptcy Act’s prohibition against preferences within four months of bankruptcy. Unless some legislative policy otherwise requires, there is no reason to treat the contest of multiple tort plaintiffs differently; while their claims originate differently, the ultimate goal of each is to be classed as a creditor in order to proceed against assets of the defendant.
Movants suggest that the legislative declaration of policy set forth in the Financial Security Act (Vehicle and Traffic Law, § 93) that “ motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them ” and the right given by subdivision 7 of section 167 of the Insurance Law to one who has obtained a judgment in an automobile accident case to proceed against defendant’s liability insurer somehow add up to such a legislative policy. Much has been said in movants’ argument about the effect of the March, 1959 amendment to rule 113 of the Buies of Civil Practice, making possible summary judgment in negligence actions, and the intent behind that amendment. Clearly, the promulgation pursuant to section 83 of the Judiciary Law by the Justices of the four Appellate Divisions of the March, 1959 revision of rule 113 of the Buies of Civil Practice, could not alter a legislative policy if one existed. But movants readily admit “ that there is no pro-rating statute applicable to liability coverage” except as section 17 of the Vehicle and Traffic Law requires such apportionment with respect to vehicles for hire. Case law going back to 1935 in New *69 York and even earlier elsewhere makes clear that the right granted by subdivision 7 of section 167 of the Insurance Law does not alter the “ first in time, first in right ” principle whether the priority is by way of judgment or by way of settlement. (Stolove v. Fidelity & Cas. Co., 157 Misc. 106; Pisciotta v. Preston, 170 Misc. 376; O’Dwyer v. Grove Serv. Corp., 15 Misc 2d 154; Bartlett v. Travelers Ins. Co., 117 Conn. 147; Turk v. Goldberg, 91N. J. Eq. 283; Bruyette v. Sandini, 291 Mass. 373; cf. Pastier v. Reisenberg, 87 N. Y. S. 2d 872.) Were the rule otherwise, an insurer could protect itself against being required to pay more than its policy limits only by refusing any payment until an equity action had been brought for the purpose of ratable apportionment among judgment credtiors. (Bleimeyer v. Public Serv. Mut. Cas. Ins. Corp., 250 N. Y. 264; Frank v. Hartford Acc. & Ind. Co., 136 Misc. 186, affd. without opinion 231 App. Div. 707.) Such a result would greatly impede realization of the legislative purpose set forth in section 93 of the Vehicle and Traffic Law. It would also have catastrophic effects upon court calendars, already heavily congested despite the fact that less than 10% of all automobile accident claims actually reach trial. Movants acknowledge the existence of the case law referred to but argue that it does not apply to their situation because neither plaintiff has yet obtained judgment. The distinction is, however, one without a difference, for it means, at most, that subdivision 7 of section 167 of the Insurance Law is not yet applicable and, therefore, that not even the suggestion of legislative policy which movant seeks to distill from its provisions exists to alter the “first in time, first in right” rule. Actually, no such legislative policy, nor even the adumbration of such a policy exists. Quite to the contrary, the declaration of such a policy with respect to for-hire vehicles (which originated in L. 1922, ch. 612) and the failure to modify subdivision 7 of section 167 of the Insurance Law despite the long existence of the case law referred to can only be read as a legislative refusal to make proration applicable generally. For this court to require apportionment would be for it either to rewrite defendant’s insurance policy or to engage in judicial legislation. While the discrepancy between the policy limits of the liability insurance required by law and present day verdicts in automobile eases indicates the necessity for further legislative study of the problem, it may not be dealt with by the court.
But, say movants, these two actions might have been consolidated and, if so, there would be no priority in time; it is only because consolidation has not previously been ordered and rule 113 of the Rules of Civil Practice as revised, made it possible *70 for plaintiffs in Action No. 1 to obtain an order for summary judgment and assessment that plaintiffs in Action No. 2 find themselves facing the prospect of a hollow victory. Rule 113 has only incidental bearing; it is the absence of consolidation that, whether judgment be summary or after trial, poses movants’ dilemma. And though the possibility of insufficient insurance has been suggested as one item to be considered on a motion for consolidation (Pasher v. Reisenberg, supra), the facts of this case are that consolidation has not been ordered, that for reasons stated below the matter has now progressed beyond the point where consolidation should be ordered, and that even had consolidation been ordered, and plaintiffs in Action No. 1 thereafter been granted summary judgment, their action could, and under normal circumstances should, be severed for assessment unless summary judgment were granted plaintiffs in Action No. 2 at the same time. Only in the sense that rule 113 gives a time preference to the plaintiff who can show that there is no triable issue of fact over the plaintiff who cannot has it affected the situation, but the same time preference through summary judgment has long been granted and recognized in the commercial field.
What has been said above disposes of any appeal to public policy or to the court’s equity powers. There remain for consideration the specific provisions of the Civil Practice Act upon which plaintiffs in Action No. 2 move. Section 96 of the Civil Practice Act authorizes consolidation and section 96-a authorizes joint trial “ wherever it can be done without prejudice to a substantial right”. Existence of a common question of law or fact is not an absolute requirement, but it may be noted in passing that no common question of law or fact remains to be tried in Action No. 1, the only question there remaining being the nature and extent of plaintiffs’ injuries. But it cannot be said that the time preference which plaintiffs in Action No. 1 have gained by their diligence is not a substantial right or that prejudice would not result to them if now they were ordered to await conclusion of Action No. 2 before proceeding further. Section 193-a of the Civil Practice Act authorizing a defendant to bring in a third party who is or may be liable to him for part of plaintiff’s claim and sections 285-287 of the Civil Practice Act relating to interpleader are referred to in the motion papers, but not seriously argued. By their terms, those sections clearly do not apply. Subdivision 1 of section 193-b of the Civil Practice Act relating to mandatory intervention is not applicable because no statute permits intervention as of right, plaintiffs in Action No. 2 will not be bound by (though they may, of course, *71 be incidentally affected by) judgment in Action No. 1, real property is not involved, and there is no property subject to the control of or disposition by the court (notwithstanding that the common defendant’s insurer stands ready to make whatever disposition of the policy limits the court may order). Subdivision 2 of section 193-b of the Civil Practice Act authorizes the court to permit intervention 1 ‘ when an applicant’s claim or defense and the main action have a question of law or fact in common ’ ’ but cautions that 1 ‘ In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.” For the same reasons that the court will not order consolidation or joint trial, it will not exercise its discretion to order intervention, indeed, would consider direction of intervention, consolidation or joint trial at this stage of the proceeding an improvident exercise of discretion. Subdivision 1 of section 212 of the Civil Practice Act relating to permissive joinder of parties is also referred to in the moving papers but was not argued and is obviously inapplicable. That all plaintiffs could have joined in one action does not mandate their so doing nor permit the court to order plaintiffs in Action No. 1 to do so.
The motion must, therefore, be denied in all respects.