■ FRANCES WASSERMAN et al., Respondents, v. GLENS FALLS INSURANCE COMPANY, Appellant.— In an action, pursuant to section 167 of the Insurance Law, by judgment creditors (husband and wife) of an assured under an automobile liability insurance policy, against the defendant as the insurer, the defendant appeals from a judgment of the Supreme Court, Queens County, entered March 30, 1962 after a jury trial, in favor of the female plaintiff for $10,213, with interest thereon of $714.91 from February 1, 1961, and costs of $212, making a total of $11,139.91; and in favor of the male plaintiff for $1,200 with interest thereon of $84 from February 1, 1961, making a total of $1,284. Judgment modified on the law by reducing the recovery in favor of the plaintiff Frances Wasserman to $8,928.57, plus $213 costs awarded in the prior action, with interest thereon of $639.90 from February 1, 1961 to March 30, 1962, plus costs of $212 awarded in this action, making a total of $9,993.47; and by reducing the recovery in favor of the plaintiff Samuel Wasserman to $1,071.43, with interest thereon of $75 from February 1, 1961 to March 30, 1962, making a total of $1,146.43. As so modified, judgment affirmed, without costs. The findings of fact implicit in the jury's verdict are affirmed. On February 1, 1961, in a negligence action against the defendant's assured by reason of personal injury which the female plaintiff sustained in an automobile accident, the plaintiffs obtained a judgment against him which remained unpaid. The judgment was for $10,213 in favor of the female plaintiff for her personal injury and for $1,200 in favor of the male plaintiff for the loss of her services and for medical expenses. In this action against the insurer upon the policy, plaintiffs, as judgment creditors, have obtained a judgment against it for the respective amounts stated, plus the interest thereon from February 1, 1961 to March 30, 1962, plus costs. The policy limits of liability for bodily injuries are $10,000 for each person, and $20,000 for each accident. Bodily injuries are

defined in the policy as including damages for care and loss of services. The policy provides that the limitation of liability is the " total limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease * * * sustained by two or more persons as .the result of any one accident." The judgment appealed from exceeds the $10,000 limitation of the defendant's liability as fixed in its policy (*Rankin* v. *Travelers Ins. Co.*, 254 App. Div. 687). We, therefore, have modified the judgment by prorating the principal recovery of the respective plaintiffs on the basis of such policy limitation. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.