RUBY DUPREY, as Limited Administratrix of the Estate of ROSE M. DUPREY, Deceased, Respondent, v. SECURITY MUTUAL CASUALTY COMPANY, Appellant.

Third Department, March 12, 1965.

*Olin S. Nye* for appellant.

*O'Connell & Wolfe* (*John T. De Graff* and *Frank J. Lasch* of counsel), for respondent.

*Bond, Schoeneck & King* for American Mutual Insurance Alliance and another, *amici curiæ*.

*Watters & Donovan* (*James B. Donovan* and *Patrick J. Hughes* of counsel), for Association of Casualty and Surety Companies, *amicus curiæ*.

REYNOLDS, J. This is an appeal from an order and judgment of the Supreme Court, Clinton County, granting respondent's motion for summary judgment.

On October 11, 1962 a car driven and owned by one Richard Ashline collided on Route 9 near Plattsburgh with a tractor-trailer driven by one William Clements and owned by Smith Transport U. S. Ltd. As a result of the accident, Clements was injured and Ashline and his two passengers, Rose Marie Duprey and Lester Ashline, were killed. Suits were thereafter initiated by Clements against Richard Ashline's estate and by the estates of the two deceased passengers against Clements, Smith Transport and Richard Ashline's estate. All three suits were eventually scheduled for trial at the April 1964 Term of Supreme Court, Clinton County. However, 11 days prior to trial the Security Mutual Casualty Company, Richard Ashline's insurance company, settled with Clements for $9,000. The two remaining cases of the passengers were not settled and proceeded to trial at which a jury verdict was returned against Richard Ashline's estate for $11,000 in favor of each passenger's estate and of no cause of action with respect to the tractor-trailer operator and his employer. Since Richard Ashline had only a minimal $10,000/20,000 policy, Security Mutual, after reducing the $20,000 limit by the $9,000 settlement to Clements, paid $5,500 to each estate. The instant proceeding was then brought pursuant to section 167 of the Insurance Law by Miss Duprey's administratrix to compel Security Mutual to pay an additional $4,500 toward her judgment.

The question presented is solely the effectiveness of Security Mutual's settlement with Clements, albeit, in good faith, when it was aware that there were other claimants to the policy proceeds, that the total claims would probably exceed the policy limits and that there would probably be no source of recovery other than the policy. The court below has held the settlement to have had no effect on Security Mutual's liability under the policy. After characterizing the settlement as a "voluntary

payment ", " a gift " or " additional insurance ", Special Term found in the enactment of the Motor Vehicle Security Act (Vehicle and Traffic Law, § 310) an expression of policy requiring ratable apportionment among all claimants where policy limits are insufficient to cover all claims. While we can recognize a certain cogency in such a rule, we are faced with considerable logic and precedent which compel its rejection. Clearly the policy itself would permit such a settlement, and section 60.1 of the Regulations of the Insurance Department (NYCRR 60.1), which prescribes the mandatory minimal provisions of automobile liability policies, indicates that the company can retain its settlement privileges. Also, although there is no case we have found directly in point in New York, a study of cases closely analogous would not support the construction of section 310 rendered below (*O'Dwyer* v. *Grove Serv. Corp.*, 15 Misc 2d 154, affd. 15 A D 2d 457; *David* v. *Bauman,* 24 Misc 2d 67). In other jurisdictions which have legislation similar to section 310 the cases also have uniformly recognized such settlements as reducing the liability remaining under the policy (*Bartlett* v. *Travelers Ins. Co.,* 117 Conn. 147; *Bennett* v. *Conrady,* 180 Kan. 485; *Bruyette* v. *Sandini,* 291 Mass. 373; *Liguori* v. *Allstate Ins. Co.,* 76 N. J. Super. 204; *Alford* v. *Textile Ins. Co.,* 248 N. C. 224). It may well be that the position taken by the court below with respect to a ratable distribution of insurance policy proceeds where multiple claims are involved should be adopted for cases such as the present one as it has been for almost half a century with respect to vehicles for hire (Vehicle and Traffic Law, § 370), but this is solely within the prerogative of the Legislature which, in our opinion, has not by the enactment of section 310 in its present form as yet embraced such a position.

Since we find no triable issue of fact raised, respondent's complaint not averring bad faith and her accompanying affidavit containing no " evidentiary facts (as distinguished from mere conclusory allegations) ", summary judgment must be granted for the appellant (*Shapiro* v. *Health Ins. Plan,* 7 N Y 2d 56, 64).

The order and judgment should be reversed, on the law and the facts; and defendant's motion for summary judgment dismissing the complaint should be granted, without costs.

HERLIHY, J. P., TAYLOR, AULISI and HAMM, JJ., concur.

Order and judgment reversed, on the law and the facts; and defendant's motion for summary judgment dismissing the complaint granted, without costs.