Charles Lambiase, J.
Plaintiff, Bernell Moyer, administrator of the estate of Joyce Moyer, deceased, by show cause order, asks that defendant, Mary Louise Mastroe, administratrix of the estate of John Joseph Fishbaugh, deceased, show cause “ why an order should not be granted enjoining the said Mary Louise Mastroe, Administratrix of the Estate of John Joseph Fishbaugh, deceased, from paying to Dorothea Adams, Administratrix of the Estate of Mary Bicker, Donna Bicker, and Janet Bicker their pro-rata share of the judgments heretofore recovered by them and for such other and further relief as to this court seems just and proper in the premises and it being further ordered in said show cause order that “ Good cause being shown therefor, the said Mary Louise Mastroe, Administratrix of the Estate of John Joseph Fishbaugh, deceased, is hereby restrained and prohibited from so paying said amounts of money pending the argument of this application.” (Order to show cause.) This restrainer has been continued pending determination of this motion. Defendant, Mary Louise Mastroe, administratrix, resists the granting of the relief asked for.
The caption of these actions is “ State of New York-Supreme Court-Appellate Division-Fourth Department ’ ’. This we believe to be an inadvertence for the actions for the purpose of this application should be in the Supreme Court. We continue the caption as set forth in the moving papers for the sake of continuity. No one has raised the question.
It appears that upon the trial of the above set forth actions (numbered by us 2 through 4, both numbers inclusive, for the purposes of this memorandum-decision), verdicts were rendered by the jury in favor of the above-named plaintiffs against the sole defendant therein named. In Action No. 1 the verdict was one of no cause for action in favor of defendant, Dorothea Adams, administratrix of the estate of Mary Anna Bicker, deceased. As against the other defendant in said action, Mary Louise Mastroe, administratrix of the estate of John Joseph Fishbaugh, deceased, there was a verdict in favor of plaintiff.
Notice of appeal to the Fourth Department has been filed by movant herein, Bernell Moyer, administrator of the estate of Joyce Moyer, deceased, plaintiff in the first above set forth action, (1) from the no cause verdict in favor of the Bicker estate hereinbefore mentioned and judgment entered thereon; (2) from the verdict and judgment entered thereon in favor of said plaintiff against John Joseph Fishbaugh estate; and (3) from the order denying plaintiff’s motion to .set aside the verdicts. Defendant, Mary Louise Mastroe, administratrix of the estate of John Joseph Fishbaugh, defendant in all the above *847 set forth actions, has appealed to the Appellate Division, Fourth Department from all of the judgments entered against her upon the afore-mentioned verdicts.
Movant’s attorney has been informed by the attorneys for the plaintiff in the Bicker actions (2, 3 and 4 above), that the Bicker plaintiffs are willing to accept their prorata share in settlement of their respective judgments which the same bear to the sum of $20,000, the proceeds available under the insurance policy covering John Joseph Fishbaugh, deceased, his estate being represented herein by said defendant, Mary Louise Mastroe, administratrix. Furthermore, movant’s attorney has been informed by the attorneys for the defendant in each of the Bicker actions that the insurance carrier on said insurance policy has authorized settlement of the cases in accordance with said proposal of the Bicker plaintiffs.
Movant’s attorney, in his affidavit submitted on this application (par. 7), sets forth that: “ Unless an order is made restraining and prohibiting this action, which action is one of bad faith on the part of the insurance company representing John Joseph Fishbaugh, and therefore technically, in law, representing bad faith on the part of the defendant, John Joseph Fishbaugh, the plaintiff will suffer irreparable damage in that if both appeals of the said Bernell Moyer result in reversals, and the granting of a new trial, and the new trial results in a verdict in his favor against Mary Bicker, her estate would be unjustly enriched at the expense of Bernell Moyer as there would only be a few thousand dollars remaining with which to apply on his judgment.” (Emphasis supplied.) Said paragraph 7 states movant’s position herein, and in our opinion avers no evidentiary facts constituting bad faith and in that regard contains mere conclusory allegations.
The question presented is solely the effectiveness of the proposed settlement under the circumstances herein with the Bicker judgment creditors by defendant, Mary Louise Mastroe, as administratrix of the estate of John Joseph Fishbaugh, deceased, through the insurance carrier involved, she and the insurance carrier being aware that movant is also a judgment creditor and claimant to part of said policy proceeds, that the total judgments exceed the policy limits, and that there would probably be no source of recovery other than the proceeds of such policy.
There is no reported case which has been called to our attention or that we have found which is authority for the relief requested by this movant. There are, however, cases closely analogous to the question involved herein which do not support *848 the granting of the relief sought by movant. (Duprey v. Security Mut. Cas. Co., 22 A D 2d 544, and cases cited therein [March 12, 1965]; Stolove v. Fidelity & Cas. Co. of N. Y., 157 Misc. 106; Pisciotta v. Preston, 170 Misc. 376.)
In the Duprey case (supra, p. 546), the Appellate Division, Third Department, in reversing the trial court upon an analogous set of facts says: “ Clearly the policy itself would permit such a settlement, and section 60.1 of the Regulations of the Insurance Department (NYCRR 60.1), which prescribes the mandatory minimal provisions of automobile liability policies, indicates that the company can retain its settlement privileges. * * * It may well be that the position taken by the court below with respect to a ratable distribution of insurance policy proceeds where multiple claims are involved should be adopted for cases such as the present one as it has been for almost half a century with respect to vehicles for hire (Vehicle and Traffic Law, § 370), but this is solely within the prerogative of the Legislature which, in our opinion, has not by the enactment of section 310 in its present form as yet embraced such a position.”
The motion must be and hereby is in all respects denied, and the restrainer provided for in the order to show cause and continued by us pending determination of this motion is hereby vacated.