■ RAFAEL NEGRON et al., Respondents-Appellants, v EVEREADY INSURANCE COMPANY, Appellant-Respondent.—Order, Supreme Court, Bronx County, entered September 11, 1975, unanimously modified on the law, to grant plaintiffs-respondents-appellants' motion for summary judgment against defendant-appellant-respondent Eveready Insurance Company to the extent only of $10,000, without interest, and otherwise affirmed, without costs and disbursements at Special Term or on this appeal. Plaintiffs were injured in a collision between their vehicle and a taxi owned by a corporation (Chariot Car Service Inc.) covered by defendant insurance company. Other passengers in plaintiffs' vehicle, not parties to this suit, brought suit only against Chariot, the corporation owning the cab; these plaintiffs sued not only that corporation but also other corporations covered as well by a blanket fleet policy issued by defendant insurer for a single premium. Though the defendant insurer withdrew representation in the lawsuits because of lack of co-operation by the assureds, it settled the action brought by the other group of passengers for one-half the incident limit of $20,000 set forth in the blanket policy as coverage for Chariot's cab. At the time of that settlement, defendant offered plaintiffs $10,000, the remainder of the sum reserved in the policy as coverage for Chariot for the incident, but met refusal by plaintiffs' counsel to participate in the negotiations. Instead, plaintiffs proceeded to inquest against the several corporations named in their complaint, and secured a judgment for $122,000. That judgment not having been paid for 30 days, plaintiffs proceeded to sue defendant pursuant to section 167 (subd 1, par [b]) of the Insurance Law. Both sides moved for summary judgment; both motions were denied. There is no factual question requiring a trial. On the law, defendant is entitled to a dismissal of the complaint except for the sum of $10,000, which defendant has always been, and still is willing to pay. The section relied on is clear and to the point: it authorizes suit on an unpaid judgment "not exceeding the amount of the applicable limit of coverage under such policy". That amount is $20,000, of

which there is left, after settlement with the other group of passengers involved in the incident, only $10,000. (See *Wasserman v Glens Falls Ins. Co.,* 19 AD2d 552; *Rankin v Travelers Ins. Co.,* 254 App Div 687.) That sum having been available to plaintiffs ever since the claim was advanced, we withhold interest and costs in the exercise of discretion. Concur—Markewich, J. P., Birns, Silverman, Capozzoli and Lane, JJ.