OPINION OF THE COURT
Barry Salman, J.
This is a motion by the plaintiffs to confirm the award of a no-fault arbitrator. In opposition thereto there is a cross motion by the defendant insurer for an order requiring the plaintiff McCoy to return a sum of money previously paid to her.
The matter arose in arbitration from a claim by the plaintiff McCoy for no-fault benefits from the defendant insurer. The defendant insured the vehicle in which the plaintiff McCoy was riding when injured in April, 1976. A dispute arose as to a claim for medical benefits and the matter was submitted to arbitration.
An arbitration hearing was held in December, 1979. At that time all parties and counsel were present and participated in a full hearing. Evidence was submitted to the arbitrator on the issue of the reasonableness and the necessity of the medical treatment. Evidence was further adduced with respect to the question of disability payments. The defendant in its affirmation submitted in support of the cross motion fully admits and concedes that the “Defendant New Jersey Manufacturers Insurance Company did not raise the defense that it had already paid out *1091 Fifty Thousand ($50,000.00) Dollars before the arbitrator”. This fact was also conceded at the hearing held by the court with reference to this motion.
The arbitrator rendered his award in the amount of $2,400 to be paid by the defendant to the plaintiff Carrie McCoy as and for wage loss benefits, and $4,033 as and for reasonable and necessary medical treatment incurred as a result of the injuries sustained in the accident of April, 1976. Thereafter the defendant tendered payment under said award by the mailing of drafts in the amounts of $2,400 and $4,033 respectively to the plaintiff’s attorneys.
The plaintiff McCoy failed to cash her check for the $2,400 within the 60-day period allowed after its issuance. Consequently the check was rejected by the bank as stale and ultimately returned to the defendant insurance carrier who agreed with plaintiff’s counsel to reissue the check. It was only at this juncture that the defendant reviewed its file and refused to reissue the new check raising for the first time the defense that the $50,000 policy limit for no-fault benefits had been reached and that the payment of the $2,400 under the award would exceed the limits of the carrier’s obligation.
The defendant then made a claim for the reimbursement by the plaintiff of $1,110.59 which it had previously paid to the claimant above the policy limits as and for first-party benefits. This amount was also paid pursuant to the arbitrator’s award herein involved. Disbursement of that money had been completed before the defendant’s claim for reimbursement was initially asserted.
The court conducted a hearing on the respective motions on September 29, 1980.
It was conceded by both sides that the amount awarded by the arbitrator when added to the amounts previously paid exceeded the statutory limitations as set forth under the “no-fault” law provisions and the policy of insurance then in effect. It was further conceded that this result arose due to the fact that neither of the parties apprised the arbitrator of the amounts previously paid to the plaintiff. In effect we are dealing with a latent mutual mistake in the award. The arbitrator made no obvious mistake and *1092 was never advised of the possibility of the error. The question is which of the two parties, if any, may benefit from the unintentional error. The test applicable for review of no-fault compulsory arbitration where an error of law is in issue is whether any reasonable hypothesis can be found to support the questioned interpretation. (Matter of Shand [Aetna Ins. Co.], 74 AD2d 442.)
The defendant insurer is alleging, that even though it did not raise the defense at the arbitration hearing that any award would exceed the $50,000 statutory limit, it did not waive said defense because the arbitrator is not empowered to award the claimant more than the. statutory limit in any case.
It is clear that if a no-fault arbitrator makes a mistake of law that the award may nevertheless be confirmed where there is a rational basis for sustaining it. (Matter of Garcia v Federal Ins. Co., 46 NY2d 1040; Matter of Furstenberg [Aetna Cas. & Sur. Co.], 49 NY2d 757; Matter of Levine [Zurich Amer. Ins. Co.], 49 NY2d 907; Matter of Shand [Aetna Ins. Co.], supra.)
In the First Department as recently as October 30,1980, Karmilowicz v Allstate Ins. Co. (77 AD2d 131), the Appellate Division has held that in reviewing an award rendered in a compulsory arbitration the court may vacate the award where the arbitrator deliberately and irrationally applied the wrong rule of law, that is, applied the wrong law without expressing or showing a rational reason for so doing.
In cases of compulsory arbitrations due process considerations require the courts to exercise a broader scope of review. (Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493; Matter of Furstenberg [Aetna Cas. & Sur. Co.], supra.) In such cases the awards are to be measured according to whether they are rational or arbitrary and capricious. (Casa v Coffey, 41 NY2d 153.)
In Mount St. Mary’s Hosp. of Niagara Falls v Catherwood (supra, p 508), the court held that CPLR 7511 (subd [d]), in authorizing review of whether the arbitrator had exceeded his power, “by necessary logical extension and without distortion of its literal terms includes review in the case of *1093 compulsory arbitration *** of whether the award is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record.”
The Court of Appeals has repeatedly held that unless an arbitrator’s award in a compulsory arbitration is irrational it should not be disturbed (cases cited above). An error, in and of itself, in the application of the law is not enough to upset the award. The error must be one which has no rational basis and cannot be sustained under any reasonable hypothesis. (Matter of Shand [Aetna Ins. Co.], supra.) The situation involved herein where the arbitrator was not even advised of the potentiality of a mistake is entirely within the ambit of cases where mistakes of law or fact are not disturbed. The mistake herein results from the parties’ error and not of the arbitrator. The arbitrator herein, unlike his counterpart in Karmilowicz v Allstate Ins. Co. (supra), made no conscious and deliberate ruling of law or finding of fact which can be construed to be irrational. To grant the right to a neglectful party who admittedly failed to be properly apprised of the contents of its file would be contrary to the concept-of bringing an end to litigation. The entire concept of bringing matters to arbitration is to have a procedure by which disputes are resolved without the necessity of court involvement.
The court after reviewing the factual context and the applicable law to compulsory arbitration matters grants the motion to confirm the award, and denies the cross motion.