OPINION OF THE COURT
Eli Wager, J.
When more than one person is injured in an automobile accident and there are limited insurance funds available, should the claimants be paid on the basis of “first in time, first in right” or should a pro rata distribution of the funds be made? This is the issue raised in this application brought by one such injured person. The facts follow.
On April 23, 1980 Denise Gerdes (the movant), Virginia Scott and Claudia Carpenter, passengers in a vehicle operated by Linda Mandel and owned by Harold Mandel, were injured when the Mandel vehicle and a vehicle owned by Sharon Anzalone and operated by Mark Fowler collided on the Montauk Highway in the Town of Islip. Denise, Virgina and Claudia together with their respective spouses brought separate actions against both operators and both owners asserting serious injuries. It appears that Linda Mandel, at some unspecified date, filed a claim against Travelers Insurance Company (Travelers), the insurer of Harold Mandel’s vehicle, under the uninsured motorist indorsement in the policy which provides $10,000 coverage for each person and $20,000 for each accident. She subsequently (over four months prior to the date of this applica *817 tion according to her attorney) filed a demand for arbitration. A notice of hearing dated April 15,1981 was issued by the American Arbitration Association rescheduling a hearing, previously scheduled for April 13, 1981, for May 11,1981. On May 8,1981 the plaintiffs Gerdes drafted and apparently served upon Travelers a demand for arbitration pursuant to the uninsured motorist indorsement and brought on the instant application by order to show cause dated May 11, 1981 which contains a stay of the Mandel arbitration pending a hearing on this application. In his affirmation, the Gerdes’ attorney explains that “we have just been informed that the vehicle with which the mandel vehicle came into contact with on April 23, 1980 was Uninsured.” The attorneys for plaintiffs Carpenter and Scott apparently sent a notice of claim dated April 14,1981 for payment under the indorsement, stating that they had determined after “due and diligent investigation * * * that the defendant, Mark Fowler, was uninsured.” It does not appear that plaintiffs Gerdes ever filed a notice of claim or that plaintiffs Carpenter and Scott have demanded arbitration.
Just what relief is sought by Denise Gerdes is not clear. Her attorney states that “[i]n the interest of Justice all Uninsured Motorist claims should proceed at the same time” and he notes that he “has demanded Uninsured Motorist Arbitration in this matter” on behalf of his client. He urges that “[t]o allow one Uninsured Motorist Arbitration to proceed without allowing the other claimants to have their arbitration hearing at the same time, could bring the ridiculous result that two claimants can obtain the total of the $20,000.00 Uninsured Motorist Coverage and leave the other two claimants with nothing, and with no insurance coverage.” Thus, it appears that Gerdes in addition to seeking a stay of the Mandel arbitration may be seeking an order consolidating all arbitration proceedings.
However, the attorney for the plaintiffs Carpenter and Scott in an “affidavit in support” suggests that “in lieu of an arbitration of this matter * * * the court set this case down for a special conference wherein all attorneys and claimants can come before the court and present medical evidence as to the seriousness of the injuries so that the *818 court may determine, if agreeable to all other parties and this court, the proportionate share of the $20,000 to be paid to each claimant.”
For her part Linda Handel finds all of this “improper and prejudicial.” She (through her attorney) points out that she has been actively pursing her own uninsured motorist claim for months and that the plaintiffs should have done so too instead of holding up her proceedings at the last minute.
Although Linda Handel has not raised the point, it appears that defendant Travelers Insurance Company has not been served with potice of this application. Travelers may have more interest in this matter than that of a disinterested stakeholder, not only because it may wish to contest the seriousness of the injuries alleged by claimants (see Klaber v Maryland Cas. Co., 69 F2d 934), but also because a court-ordered pro rata distribution would set a precedent which if widely followed would force liability insurers to abandon such practices as settling with less than all multiple claimants injured in a single accident or paying any such claims before all have been reduced to judgment (see Turk v Goldberg, 91 NJ Eq 283; Keeton, Preferential Settlement of Liability — Insurance Claims, 70 Harv L Rev 27). However, the order to show cause directed service on all the claimants and the arbitrator and the American Arbitration Association but omitted Travelers. Thus, this court will not, sua sponte, dismiss the application on jurisdictional grounds even though it is impelled to note the implications the relief requested poses for Travelers and insurers generally.
It is not asserted that the policy at issue here provided for ratable distribution (Stolove v Fidelity & Cas. Co. of N. Y., 157 Misc 106) and, with one exception, there appears to be no statutory provision which requires a liability insurer to make a distribution of the proceeds of a policy among multiple claimants injured in an automobile accident on a pro rata basis. The one exception is section 370 of the Vehicle and Traffic Law which provides for such a distribution with respect to vehicles for hire. The fact that the Legislature has explicitly named a class of persons who are to be benefited by a ratable distribution of insurance *819 proceeds raises an inference that the omission of such a provision with respect to others was intentional (see McKinney’s Cons Laws of NY, Book 1, Statutes, §240; see David v Bauman, 24 Misc 2d 67).
Where section 370 is not applicable and there is no pro rata provision in the policy, the contest of multiple plaintiffs for the limited assets of a common defendant has generally — at least in this jurisdiction — been solved in terms of chronological priority, the “first in time, first in right” rule (David v Bauman, supra; see 32 U of Chi L Rev 337). Thus, an insurer who settles with some parties injured in a collision is liable only for the remainder of the policy limits even though it may have been aware that the total claims would probably exceed the policy limits (Duprey v Security Mut. Cas. Co., 22 AD2d 544; O'Dwyer v Grove Serv. Corp., 15 Misc 2d 154, affd 15 AD2d 457), and an injunction enjoining payment by an insurer on judgments already obtained until after all claims have been reduced to judgment so there can be a pro rata distribution will not issue (Pisciotta v Preston, 170 Misc 376; see Ann., 70 ALR2d 416). Research reveals only one recorded case in New York where a court has ordered a ratable distribution among multiple plaintiffs (see Wasserman v Glens Falls Ins. Co., 19 AD2d 552) but in the cited case the two claims (that of the injured plaintiff and the derivative claim of her spouse) were joined in one suit.
Thus, there appears to be no statutory authority or recorded judicial precedent which would authorize this court to undertake the task of ratably distributing the $20,000 available under the uninsured motorist indorsement at issue here. That the court is without power to do so is underscored by the fact that one of the claimants (Linda Mandel) insists on her statutory right to have her claim determined by an arbitrator and that she has done nothing to forfeit that right. Furthermore, the three pending actions, one of which was commenced some seven months before the other two, have not been consolidated and it is questionable whether a motion to consolidate solely for the purpose of ratable distribution would be granted, even if no one had demanded arbitration (see David v Bauman, 24 Misc 2d 67, supra; 2 Weinstein-Korn-Miller, NY Civ Prac, *820 par 602.12), at least in the absence of consent of all the claimants (see Pasher v Reisenberg, 87 NYS2d 872).
It appears that exercise of judicial authority to consolidate the arbitration proceedings (see County of Sullivan v Edward L. Nezelek, Inc., 42 NY2d 123) is also not warranted here. Since it is for the arbitrator and not the court to decide what issues are subject to arbitration (Matter of Cowper Co. [Hires-Turner Glass Co.], 72 AD2d 934) and it would be improper for this court to encroach upon the arbitrator’s function by framing the issue to be submitted to the arbitrator (Board of Educ. v Civil Serv. Employees Assn., 78 AD2d 999), the court cannot direct the arbitrator to pro rate the insurance proceeds even if the court were convinced that the “first in time, first in right” rule should not be adhered to. Furthermore, two of the claimants — Carpenter and Scott — have not served a demand for arbitration and have not requested arbitration in their answering papers. Finally, it appears that consolidation should not be ordered absent a more definitive motion for such relief, properly captioned, and on notice to the insurer.
The application is denied.