OPINION OF THE COURT
Ariel E. Belen, J.
Petitioner Fils Belizaire suffered injuries to his back and neck following a hit-and-run car accident on November 22, 1991. At the time he was one of four passengers in a car owned and operated by Gerce E. Jeremie. Petitioner subsequently filed to compel arbitration pursuant to the uninsured motorist endorsement of Jeremie’s policy of insurance with Aetna Casu *474 alty & Surety Co. (hereinafter Aetna). On October 27, 1994, petitioner’s arbitration hearing was held with attorneys for petitioner and Aetna present and participating. Petitioner was awarded $10,000 by the arbitrator in a decision dated November 30, 1994.
Petitioner has moved for an order confirming the arbitration award and directing respondent to pay petitioner in accordance with the arbitrator’s decision. Respondent has cross-moved to vacate the award or to modify it by reducing it from $10,000 to $2,500.
Before commencing the arbitration hearing, counsel for Aetna advised the hearing arbitrator that two of the other passengers in the Jeremie vehicle had been awarded damages of $9,500 and $8,000, respectively, in prior arbitration proceedings. Aetna claimed that this left only $2,500 of the $10,000 per person, $20,000 per incident coverage available under the uninsured motorist endorsement of the policy for disposition of the petitioner’s claim and that of the fourth passenger who also filed a claim.
Ultimately, without stating the legal basis for his decision, the arbitrator opted to award Belizaire the full amount requested by his attorney, $10,000, stating as follows:
"the arbitrator: At the time you did give me all the facts. That’s why I made the award of $10,000 — and that is the most I can give him, I believe, under the circumstances. However, I believe his injury far exceeds $10,000 and if I could make an award for more than the $10,000 — I would make it. But counsel here is only requesting the ten. That all you are requesting?
"mr. levine: That’s all we are allowed.
"the arbitrator: That’s all you are requesting?
"mr. levine: Right.
"the arbitrator: Thank you.”
Aetna’s assertion that its liability to petitioner was limited to the $2,500 unexpended balance of the $20,000 per incident policy endorsement was strenuously disputed by petitioner Belizaire both at the arbitration and in the present motion. According to petitioner’s counsel, Aetna’s failure to have moved for a stay of all four arbitrations and to consolidate all of the claims into one proceeding before petitioner’s proceeding left Aetna vulnerable to awards in excess of its $20,000 policy limit. Petitioner also contends that because Aetna failed to stay and consolidate the various claims, each claimant could be awarded up to $10,000 in separate arbitrations.
*475 Despite petitioner’s allegation that it was the responsibility of Aetna to consolidate all of the claims into one arbitration, none of the numerous cases cited by the parties state so unequivocally. On the other hand, the cases cited by respondent for the proposition that the Belizaire’s award should be vacated are not factually comparable to the present case.
Respondent Aetna cites ample authority for the proposition that an arbitrator cannot award an amount in excess of policy limits. (See, e.g., Matter of Mele v General Acc. Ins. Co., 198 AD2d 731 [3d Dept 1993]; Negron v Eveready Ins. Co., 53 AD2d 815 [1st Dept 1976].) In Negron (supra), plaintiffs were injured in a collision between their vehicle and a taxicab insured by defendant. Other passengers in plaintiffs’ vehicle brought suit against the taxicab owner and settled with the carrier for $10,000 (one half of the $20,000 per incident limit). Plaintiffs sued not only that corporation but other corporations covered as well by a blanket fleet policy issued by defendant’s insurer. Plaintiffs did not accept $10,000 and instead proceeded to inquest against all the corporations they sued and obtained a judgment in the amount of $122,000.
After defendant’s carrier in Negron (supra) settled with the other passengers for $10,000, it offered plaintiffs $10,000, the remainder of the sum it reserved in the policy for settlement. The Appellate Division, First Department vacated the judgment and granted summary judgment dismissing the complaint except for the sum of $10,000, based on Insurance Law former § 167 (1) (b) which authorizes suit on an unpaid judgment but only for an amount "not exceeding the amount of the applicable limit of coverage under such policy”.
As in Negron (supra), in situations where the carrier has settled with some claimants in a multi-party accident, the remaining parties who have not settled are bound by the policy limitations where the policy gives the carrier the right to settle as it sees fit. Under these circumstances, any award to a claimant in excess of an unexpended balance after taking into account the settlements entered into with the other parties will be vacated. For example, in Duprey v Security Mut. Cas. Co. (22 AD2d 544 [3d Dept 1965]), the Third Department held that where the policy’s liability limits were $10,000/$20,000 and the carrier had settled with one of the injured parties in the amount of $9,000, the jury awards to the other claimants of $11,000 each did not have to be paid by the carrier. Defendant’s obligation to the plaintiffs was to pay $5,500 each, totalling the $11,000 unexpended balance of the $20,000 policy.
*476 The salient distinguishing factor in Duprey (supra) was again the right of the carrier to settle as it sees fit. In the present case, the policy provisions under which petitioner’s rights arise do not give the carrier such unfettered authority.
Aetna also cites authority for the proposition that the limited proceeds of an insurance policy should be distributed on a "first in time, first in right” basis, citing two State Supreme Court cases, David v Bauman (24 Misc 2d 67 [Sup Ct, Nassau County 1960]) and Gerdes v Travelers Ins. Co. (109 Misc 2d 816 [Sup Ct, Suffolk County 1981]). Aetna urges that according to this rule petitioner’s award must be vacated.
In the case at bar, there has been no evidence regarding which of the four passengers filed for arbitration first. It appears, however, that two of the passengers had their hearings before the petitioner in this case and consequently received their awards "first”.
The cases cited by respondent for the first in time rule are distinguishable from the case at bar in several respects. David v Bauman (24 Misc 2d 67, supra) involved a third-party claim against a carrier in a case similar to the line of cases like Negron (supra), where the court was not presented with an uninsured motorist situation as in the instant case. Instead, the insurance contract in Bauman specifically gave the carrier the right to enter into settlements with individual claimants irrespective of the fact that other claimants may be affected by these settlements.
Gerdes v Travelers Ins. Co. (109 Misc 2d 816, supra) raised a novel issue. There the petitioner Denise Gerdes was one of three passengers in a car owned and operated by Linda Mandel. Gerdes was injured when the Mandel car collided with another vehicle which was uninsured. Linda Mandel, at some point thereafter, submitted a notice of claim and sought arbitration under the uninsured motorist endorsement of her policy. Two passengers in the Mandel car other than Gerdes filed notices of claim with Travelers but never sought arbitration.
Gerdes never filed a notice of claim, but just before Mandel’s arbitration was scheduled to proceed, Gerdes submitted a demand for arbitration and moved for a stay of Mandel’s arbitration so all the claims could be consolidated. Mandel objected to having the hearing on her claim delayed. She alleged that she had been actively pursuing her claim for months and plaintiff Gerdes should have also done so instead of delaying her proceedings at the last moment.
*477 Suffolk County Supreme Court found that there was no statutory provision that requires a liability insurer to make a pro rata distribution of the proceeds of a policy among multiple claimants. The only rule in this area appears to be Vehicle and Traffic Law § 370 regarding vehicles for hire. This rule has not been extended by legislation or case law to private vehicles. The Gerdes court found that the decision by the Legislature not to extend the rule for pro rata distributions to private vehicles was intentional and stated: "Where section 370 [of the Vehicle and Traffic Law] is not applicable and there is no pro rata provision in the policy, the contest of multiple plaintiffs for the limited assets of a common defendant has generally — at least in this jurisdiction — been solved in terms of chronological priority, the 'first in time, first in right’ rule (David v Bauman, supra; see 32 U of Chi L Rev 337).” (Gerdes v Travelers Ins. Co., 109 Misc 2d 816, 819, supra.)
The Gerdes court found it had no authority to order the pro rata distribution of the policy proceeds and that it would be up to the arbitrator to decide what issues are subject to arbitration, stating: "the court cannot direct the arbitrator to pro rate the insurance proceeds even if the court were convinced that the 'first in time, first in right’ rule should not be adhered to. Furthermore, two of the claimants * * * have not requested arbitration”. (Gerdes v Travelers Ins. Co., 109 Misc 2d 816, 820.)
The first in time rule seems to merely be an expedient rather than a reasoned response to a situation where an injustice will inevitably result to either the carrier or claimant. Ultimately, the Supreme Court did not determine the case before it on that basis. The court rejected plaintiff’s claim upon the grounds that she failed to give notice of her application to Travelers Insurance Company and that her papers were otherwise defective. The holding only stated that one claimant cannot move to stay another claimant’s arbitration. It did not reach the question of whether a carrier is required to move to stay individual arbitrations, to prorate or consolidate them once it has notice of multiple claims. The defendant carrier in Gerdes (supra) did not have notice of multiple claims.
A Bronx County Civil Court case, McCoy v New Jersey Mfrs. Ins. Co. (107 Misc 2d 1090 [Civ Ct, Bronx County 1981]), presented a situation similar to the one at bar. The arbitrator had not been advised of the prior arbitration of other claimants when awarding the claimant before him an amount within the policy limits that exceeded the balance remaining after the *478 prior awards. Civil Court found that since the arbitrator had not been advised of the prior awards, he made at most an unintentional error, stating: "The question is which of the two parties, if any, may benefit from the unintentional error. The test applicable for review of no-fault compulsory arbitration where an error of law is in issue is whether any reasonable hypothesis can be found to support the questioned interpretation.” (McCoy v New Jersey Mfrs. Ins. Co., 107 Misc 2d 1090, 1092, supra; Matter of Shand [Aetna Ins. Co.], 74 AD2d 442.)
The Civil Court in McCoy (supra) found that there was a rational basis for the decision and that it was not arbitrary or capricious, particularly in light of the numerous cases requiring that great deference be given to an arbitrator’s decision. Consequently, the award was confirmed.
The only Appellate Division authority that deals with the issue presented here is in the case of Matter of Aetna Cas. & Sur. Co. v Cebularz (191 AD2d 690 [2d Dept 1993]). There the Appellate Division held that Aetna waived its contention that the arbitrator exceeded his authority by making an award to the respondent after the limits of the uninsured endorsement had been previously exhausted. The Court found that this ground should have been raised in an application to stay arbitration citing CPLR 7503.
Respondent Aetna here correctly points out that the Appellate Division ruling in Cebularz (supra) involves a situation when the arbitration should not have been allowed to proceed at all, since all the money available in the policy endorsement was gone, as distinguished from the present case where there was no reason to prevent the arbitration from proceeding since the arbitrator still had $2,500 that he could have awarded the petitioner. While technically true, if this distinction were to be used as the basis for a decision, it would lead to an absurd result. In the instant case, the carrier would be retroactively deemed responsible to consolidate all the claims only if all the money were used up in the earlier arbitration proceedings. Should, for whatever reason, the earlier arbitrations fail to use up all the money available within a policy’s limits, the carrier would not be responsible for consolidating all the actions into one proceeding.
It is unlikely that the Appellate Division intended to formulate such a rule. It is far more feasible to take the Matter of Aetna Cas. & Sur. Co. v Cebularz decision (supra) decision to stand for the blanket proposition that in the case of multiple claims against a limited liability policy, a carrier, who has no *479 tice of multiple claims, must consolidate such claims in the interest of dividing as fairly as possible the limited assets available. If the carrier fails to consolidate the claims, as here, then the carrier must be prepared to pay each claim that is awarded within the policy limits, even if cumulatively the awards exceed such limits.
CPLR 7511 delineates the specific grounds for vacating or modifying an arbitration award. A mistake in the interpretation of the law is not among those grounds and a large body of case law reiterates the principle that the CPLR 7511 grounds are exclusive. (See, e.g., Pierre v General Acc. Ins., 117 Misc 2d 88, affd 100 AD2d 705, lv denied 63 NY2d 601 [1984].) "In furtherance of the laudable purposes served by permitting consenting parties to submit controversies to arbitration, the law has adopted a policy of noninterference, with few exceptions, in this mode of dispute resolution * * * An arbitrator’s paramount responsibility is to reach an equitable result, and the courts will not assume the role of overseers to mold the award to conform to their sense of justice. Thus, an arbitrator’s award will not be vacated for errors of law and fact”. (Matter of Sprinzen [Nomberg], 46 NY2d 623, 629 [1979].) In the instant case, the arbitrator both reached an equitable result, as well as having sensibly applied the law to the novel situation confronting him.
Upon reviewing the notice of petition to confirm arbitration award, dated May 4, 1995; notice of cross petition, dated May 25, 1995; the affidavit in opposition to cross petition, dated October 2, 1995; the reply affirmation, dated November 7, 1995; respondent’s memorandum of law, dated May 9, 1995; the decision and the briefs in the case of Matter of Aetna Cas. & Sur. Co. v Cebularz (191 AD2d 690, supra), petitioner’s motion to confirm the arbitration award and directing respondent to pay petitioner in accordance with the arbitrator’s decision of November 30, 1994 is granted and respondent’s cross petition to vacate the award or modify it from $10,000 to $2,500 is denied.