■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v KEON RUSSELL, Respondent. [788 NYS2d 401]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated September 19, 2003, which denied the petition.

Ordered that the order is reversed on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

On May 21, 2000, the respondent Keon Russell was driving a car insured by the petitioner Allstate Insurance Company (hereinafter Allstate) and was involved in an accident with an allegedly uninsured vehicle. Allstate's insurance policy provided, inter alia, supplemental uninsured/underinsured motorist coverage (hereinafter SUM coverage) with policy limits of $25,000 per person, and $50,000 per occurrence.

By certified mail dated June 16, 2000, Russell notified Allstate that he intended to make a claim under the SUM provision of the policy. He subsequently served Allstate with a demand for arbitration dated April 30, 2002. The record does not contain copies of any other communication, correspondence or otherwise, between Allstate and Russell from June 2000 through April 30, 2002. However, sometime before April 30, 2002, Allstate exhausted the SUM limits of the policy in question by paying out the entire amount of the policy limits to two other individuals who were in the vehicle driven by Russell and who were also injured in the accident.

Thereafter, Allstate initiated this proceeding to permanently stay the arbitration on the ground that it had exhausted its

policy limits. The Supreme Court denied the petition, determining that to avoid awards in excess of the policy, Allstate was required to consolidate the claims. This was error.

As long as it does not act in bad faith, an insurer has no duty to pay out claims ratably and/or consolidate them. Allstate demonstrated its entitlement to the relief requested by showing that it had exhausted its policy limits under the SUM provision of the relevant insurance policy by payments to two other injured passengers. Since the respondent failed to show, or even allege, that Allstate acted in bad faith, Allstate was entitled to a stay of the arbitration (*see Levit v Allstate Ins. Co.,* 9 AD3d 417 [2004]; *Duprey v Security Mut. Cas. Co.,* 22 AD2d 544 [1965]; *see also STV Group v American Cont. Props.,* 234 AD2d 50 [1996]; *cf. Matter of Aetna Cas. & Sur. Co. v Cebularz,* 191 AD2d 690 [1993]; *Matter of Belizaire v Aetna Cas. & Sur. Co.,* 171 Misc 2d 473 [1997]).

The respondent's remaining contentions are improperly raised for the first time on appeal. Florio, J.P., Adams, Cozier and Mastro, JJ., concur.