[672 NYS2d 177]

DANIEL J. BORIS, Individually and as Executor of LINDA A. BORIS, Deceased, Respondent, v COLLEEN E. FLAHERTY et al., Respondents. (Action No. 1.)

DANIEL J. BORIS, Individually and as Executor of LINDA A. BORIS, Deceased, Respondent, v SHAWN GALIOTTO et al., Respondents. (Action No. 2.)

DUANE KIMBALL et al., as Parents and Natural Guardians of JOY KIMBALL, an Infant, Respondents, v ROSEMARY A. FLAHERTY et al., Respondents. (Action No. 3.)

MARY BUDNIEWSKI, as Parent and Natural Guardian of SHAWN GALIOTTO, an Infant, Respondent, v ROSEMARY A. FLAHERTY et al., Respondents. (Action No. 4.)

NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v STATE FARM INSURANCE COMPANIES, Appellant, and RELIANCE INSURANCE COMPANY et al., Respondents. (Action No. 5.)

Fourth Department, April 29, 1998

### APPEARANCES OF COUNSEL

*Jaeckle, Fleischmann & Mugel, L. L. P.,* Buffalo, and *Rivkin, Radler & Kremer,* Uniondale (*Evan H. Krinick* and *Cheryl F. Korman* of counsel), for appellant.

*Rodgers, Menard & Coppola,* Buffalo (*Joseph M. Schnitter* of counsel), for New York Central Mutual Fire Insurance Company, respondent.

### OPINION OF THE COURT

LAWTON, J.

Defendant State Farm Insurance Companies (State Farm) appeals from an order that, *inter alia,* denied its motion for permission to execute directly against the assets of New York Central Mutual Fire Insurance Company (New York Central).

This appeal raises interesting issues in an area that has little certainty, viz., the use of an action in interpleader where there is insufficient insurance coverage to satisfy multiple claims for wrongful death, personal injury and property damage arising out of an insured's tortious conduct.

The facts are not disputed. The claims at issue arose out of a multivehicle accident that occurred on August 25, 1992. A vehicle operated by defendant Colleen E. Flaherty (Flaherty) and owned by her mother, defendant Rosemary A. Flaherty, crossed over the double yellow line at a high rate of speed and collided head on with a vehicle driven by Linda A. Boris (Boris). Boris died from the injuries she sustained in the accident. Defendants Joy Kimball (Kimball) and Shawn Galiotto (Galiotto), passengers in the Flaherty vehicle, sustained personal injuries as a result of the collision. The Flaherty vehicle was insured by New York Central. The collision caused property damage to two other vehicles, which were insured by State Farm and defendant Reliance Insurance Company (Reliance).

Plaintiff Daniel J. Boris, executor of the estate of Boris, commenced wrongful death actions against Flaherty and her parents (action No. 1) and Galiotto, Kimball and Flaherty (action No. 2). Kimball's parents (action No. 3) and Galiotto's guardian (action No. 4) commenced personal injury actions against Flaherty and her mother. The actions were joined for trial. State Farm and Reliance arbitrated their property damage claims with New York Central, resulting in arbitration awards of $19,969.34 and $8,843, respectively, in their favor.

On or about April 24, 1996, New York Central commenced an interpleader action (denominated proceeding) pursuant to CPLR 1006 seeking an order permitting it to tender $299,253.58, the balance of the proceeds of Flaherty's $300,000 policy, to Supreme Court; precluding State Farm from enforcing its arbitration award; and allocating the tendered proceeds among the various claimants. State Farm sought an order confirming the arbitrator's award. The court granted an order precluding State Farm from enforcing its arbitration award and denying State Farm's application. This Court reversed the order insofar as appealed from and granted State Farm's application (*Matter of New York Cent. Mut. Fire Ins. Co. v State Farm Ins. Cos.*, 234 AD2d 995). State Farm entered a judgment against New York Central on January 7, 1997 and served the judgment on January 8, 1997.

On or about January 6, 1997, New York Central moved to stay the enforcement of State Farm's judgment and sought a

declaration that State Farm's recovery against it was limited to State Farm's pro rata share of the proceeds deposited into court. State Farm opposed the motion and cross-moved for an order staying the distribution of the proceeds.

The court in the interpleader action submitted the personal injury and wrongful death claims to a Referee for a determination of the value of the claims asserted by Boris, Kimball and Galiotto. State Farm did not attend the hearing, object to it or offer any evidence in opposition. In a report dated February 10, 1997, the Referee valued the claims of Boris at $2,225,000, Kimball at $450,000, and Galiotto at $15,000.

On February 13, 1997, counsel for Galiotto moved for an order directing that the proceeds paid into court be distributed by utilizing the Referee's valuation of the claimants' shares. Boris and Kimball joined in the application. State Farm cross-moved, *inter alia*, for permission to execute directly against the assets of New York Central. State Farm noted that the prior motions seeking a stay of the enforcement of its judgment and a stay of the distribution of the policy were still pending and asserted that "[t]he determination of the new motions is dependent on the determination of these prior motions". The court denied that part of State Farm's cross motion for permission to execute directly against the assets of New York Central. It determined that New York Central was liable only to the limits of its policy covering the Flaherty vehicle and that its failure to raise policy limits as a defense did not create coverage. Specifically, the court determined that the only reason New York Central was a party to the arbitration was that it was acting as insurer for Flaherty. As a result, the court awarded State Farm $4,075 on its arbitration award of $19,969.34. The court in making its award took into account the statutory minimum coverage ($5,000) for property damage claims, which accounts for the higher pro rata share paid to State Farm than to the personal injury claimants.

State Farm argues that, because the arbitration award arose out of a contractual obligation between insurers, it is not subject to the policy limits. That argument is without merit. As stated by the Second Department in *Presbyterian Hosp. v Empire Ins. Co.* (220 AD2d 733, 734), when a carrier " 'has paid the full monetary limits set forth in the policy, its duties under the contract of insurance cease' ". That is true even though a judgment is against the insurance carrier individually as opposed to the insured (*Presbyterian Hosp. v Empire Ins. Co., supra*). The fact that New York Central's liability

arose out of contract as opposed to tort does not warrant the imposition of separate liability on New York Central. The only reason that New York Central is liable is because of the liability of its insured. Likewise, the failure on New York Central's part to raise the defense of lack of sufficient coverage at the time of the arbitration is not controlling (*see, Presbyterian Hosp. v Empire Ins. Co., supra*, at 734).

Because we reject State Farm's argument that New York Central is liable independent of its limits of coverage, we now turn to the more difficult issue concerning State Farm's right as a judgment creditor in light of the interpleader action. State Farm argues that, because it reduced its claim to judgment, it is entitled to priority over the other settling claimants under the rule of "first in time, first in right". Normally, that is the rule (*see, Gerdes v Travelers Ins. Co.*, 109 Misc 2d 816, 819). The question arises, however, whether that rule takes precedence over an interpleader action and, if not, at what point, if any, would an interpleader action be preempted? We answer the first part of the question in the negative. While not required to do so, a court may exercise its equitable power to prorate insurance proceeds among claimants (*see, e.g., Wasserman v Glens Falls Ins. Co.*, 19 AD2d 552; *see generally, Keating v Astor Theatre Corp.*, 277 App Div 52, 53).

The second part of the question is more difficult. There can be no bright line rule with regard to when a judgment creditor is no longer subject to apportionment in an interpleader action. We conclude, however, that more than the entry of a judgment is required. Inasmuch as the interpleader action was commenced before execution on the judgment and before a stay of enforcement was ordered, State Farm should be in no better position than the other claimants regarding its priority to the stake. As part of the continuing inherent authority of a court over its own judgments (*see, Ruben v American & Foreign Ins. Co.*, 185 AD2d 63, 67; *McMahon v City of New York*, 105 AD2d 101, 105-106) and pursuant to the equitable power granted it by statute in an interpleader action, Supreme Court had the authority to stay any execution under State Farm's judgment before deciding how to distribute the insurance monies equitably.

No issue has been raised regarding the manner of apportionment. State Farm's argument that an apportionment order violates the terms of the insurance policy and constitutes judicial legislation is unfounded. There is nothing in the policy of insurance that precludes such relief, and CPLR 1006

provides the statutory authority for the court to act. Indeed, there are valid policy reasons that require this result. Interpleader actions, while not required in situations such as this, are to be encouraged as part of the duty of good faith of an insurer in defending and settling claims over which it exercises exclusive control on behalf of its insured (*see, Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 452, *rearg denied* 83 NY2d 779). We commend New York Central for its effort to distribute its insurance coverage in an equitable manner, rather than simply paying judgment creditors in the order that the judgments are entered until coverage is exhausted. All claimants are treated fairly in the interpleader action and the rights of the insured are fully protected (*see, Pavia v State Farm Mut. Auto. Ins. Co., supra*).

Accordingly, to complete the relief required by this holding, the order should be modified by providing that the judgment entered on the arbitration award shall be reduced to $4,075 and by providing that it shall be satisfied upon payment of that amount (*see generally, Ruben v American & Foreign Ins. Co., supra; McMahon v City of New York, supra*). The judgment must be reduced because, as previously stated, New York Central's liability is dependent on the existence of coverage and, that coverage having been exhausted, New York Central is not liable beyond its pro rata share.

DENMAN, P. J., BALIO and BOEHM, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, with costs to plaintiff New York Central Mutual Fire Insurance Company, in accordance with the opinion by LAWTON, J.