[749 NYS2d 533]

AGRICULTURAL INSURANCE COMPANY, Plaintiff, v CHRISTOPHER MATTHEWS, Respondent, and BURGA NESTORA, Appellant. (And a Third-Party Action.)

First Department, November 26, 2002

APPEARANCES OF COUNSEL

*Stephen J. Belessis* of counsel, New York City (*Calano & Calano, LLP,* attorneys), for respondent.

*Ronald L. Konove* of counsel, White Plains (*Konove & Konove, P.C.,* attorneys), for appellant.

### OPINION OF THE COURT

WALLACH, J.

Because the motion court has overlooked the utility and flexibility of the interpleader remedy (CPLR 1006) in providing a just solution to this case, we reverse the order appealed from and alter the disposition accordingly.

This is a controversy between a lessor (Nestora) and lessee (Matthews) over the insurance proceeds arising from the death of a gelding named Donner which was the insured subject of the lease. The three-page lease, executed on October 28, 1998, was for a one-year term with a one-year right of renewal. In the very first numbered paragraph, Matthews was granted an option to purchase the animal *"after either year one or year two of the lease,"* and provided he notified Nestora of such intention "one month prior to the expiration of this lease." The agreement fixed the value of the horse at $55,000, and the annual lease payment(s) at $15,000, payable in advance. Further, should the purchase option be exercised, the full amount of the rental payments made was to be credited to reduce the purchase price. The parties signed a "Continuance of Lease" agreement in October 1999, in the form of a document whose text would fit on a playing card, purporting to incorporate all of the original lease terms (although the incorporated document is mistakenly referred to as dated "October 28th 1999").

Matthews purchased a livestock insurance policy in the amount of $55,000, issued by the interpleader plaintiff, to cover the one-year renewal period of the lease. Donner perished in a barn fire on July 10, 2000, along with 30 other horses.

Under the policy, Matthews was the sole named insured, but a "general endorsement" made part of the policy listed Nestora as the "lessor"—i.e., the owner—of Donner. Matthews and Nestora each seek the full payout under the policy by way of cross claims against each other. Plaintiff seeks no relief other than to deposit these proceeds into court and be discharged from further liability.

Upon defendants' respective motion and cross motion for summary judgment, the IAS court disposed of the case in a few

sentences, directing full payment to Matthews, based solely upon his status as the named insured. The court declined to decide Nestora's motion for summary judgment on two additional causes of action (prima facie tort and defamation). The order should be reversed for the reasons set forth below, and the severed balance of the action remanded.

To prevail upon his motion for summary judgment in the interpleader context, Matthews bore the burden of establishing the extent of his loss under the policy. However, he completely failed to adduce proof, in admissible form, that he had exercised his purchase option in a timely manner to acquire an ownership interest. The averments of Matthews, his former spouse and their adolescent daughter are rife with conclusory allegations of the lessee's enduring intention to purchase. For example, referring to the emotional attachment his daughter had formed with this horse, Matthews stated in his affidavit that he had always "intended to purchase the horse at the end of year Two," that "there was never any intention of returning this horse to NESTORA at the end of the Lease," that "NESTORA was made fully aware of this fact on numerous occasions and it was also quite obvious to her that we never intended to return the horse," and that upon the extension of the lease for a second year, he "[o]nce again * * * verbally informed NESTORA of my intention to purchase the horse at the end of year Two; and she was in complete agreement that this would take place upon the expiration of the second Lease term." Mrs. Matthews buttressed these assertions in her own affidavit: "I personally know that my ex-husband * * * intended to purchase Donner at the end of the second Lease * * * I also know that this fact had been communicated to NESTORA on various occasions, both by CHRISTOPHER MATTHEWS and myself." The daughter's affidavit added: "I personally know that my father * * * was going to purchase this horse for me in the fall of 2000 * * * NESTORA was very much aware of my love for Donner, and she knew full well that we never intended to return Donner to her."

The problem is that there remains a complete void as to when, where and how Matthews exercised that option in a definitive manner. Furthermore, it is essential in any bilateral contract that the fact of acceptance be communicated to the offeror. In order to make out an oral contract, it is particularly important that the proponent cite with some specificity his offer, as well as an agreement or assent by the other party. Notwithstanding the self-serving statements that Matthews always intended this result, there is no specific reference to

any affirmative response from Nestora. An "unevinced mental determination" will never satisfy the requirements of offer or acceptance (*see White v Corlies*, 46 NY 467, 469-470).

For her part, Nestora emphatically denies that Matthews, or any member of his family, ever notified her that the option was being exercised to purchase the horse within the time limit set forth in the lease, or at any subsequent time. The record does contain a letter from Matthews to Nestora, purporting to exercise the purchase option nearly 2½ months after the horse died. This belated effort should be viewed as a nullity. Clearly, the lease ended with the death of the horse; that document did not contemplate the purchase of a carcass. For our purposes, Donner's demise extinguished the only interest Matthews ever had, namely, a leasehold interest in a live animal.

Once an order of interpleader is entered in favor of plaintiff, the distribution proceedings become equitable in nature (*see Boris v Flaherty*, 242 AD2d 9; *Spiro v Einziger*, 182 Misc 120 [App Term]). In *Boris*, an insurance company interpleader case, the Fourth Department approved the reduction of an independent judgment taken by a creditor not a party to the proceeding, in order to make an equitable and proportionate distribution to the claimants where the deposited fund was insufficient to pay all in full. Our task is far simpler here; the only two interested parties are unquestionably subject to the court's powers of equitable distribution.

If Matthews had exercised the option, thus becoming the owner, he would be entitled to recover the $30,000 of credited rent payments, and Nestora would be entitled to the balance. If the contrary appears, Matthews' loss would simply be a recovery for the unexpired portion of the lease post Donner's death—July 10 through October 28, 2000, calculated at the rate of $40.98 per day ($15,000 ÷ 366)—with Nestora entitled to the larger remaining balance. Matthews now apparently resides outside the state. There is no justification for the suggestion that he should receive the full proceeds of the policy, and that Nestora should be relegated to seeking a judgment at law against him while having to absorb all the related expenses of collection.

The Third Department decision in *Graziane v National Sur. Corp.* (120 AD2d 773) is cited for compelling full payment on the policy to Matthews as the named insured. That case was a contest between a divorced couple over the entitlement of each to the insurance proceeds payable for the loss by fire of a jointly owned barn. Unlike here, the policies covered both husband

and wife "as their interest may appear." (*Id.* at 775.) The husband intervened in the proceeding, but he was excluded from recovery on the ground that his action against the insurance carrier was barred by the applicable statute of limitations, whereas the wife's separate action was timely. *Graziane* is inapposite to the situation presented here. It hardly stands for the proposition espoused by the motion court—that all inquiry begins and ends with identification of the named insured.

Plaintiff was entitled to full interpleader relief on its cross motion to deposit into court the insurance avails and to receive a discharge from further liability. Matthews should receive, from those proceeds, a proportionate refund of his leasehold interest in the deceased animal, from July 10 through October 28, 2000, at $40.98 per day (a total of $4,548.78), without interest. Furthermore, since he was under no contractual obligation to purchase insurance to cover Nestora's ownership interest in the horse, Matthews is entitled to credit for the $2,185 premium he paid, which created Nestora's insurance avails. Nestora should be entitled to the remaining balance of the stake deposited by plaintiff with the court. The remainder of Nestora's third-party complaint, upon which the court declined to rule, should proceed as an action for money damages.

Accordingly, the order of Supreme Court, New York County (Robert Lippmann, J.), entered March 21, 2001, directing summary judgment in favor of Matthews, should be reversed, on the law, without costs, plaintiff's cross motion for interpleader relief and discharge from further liability should be granted, the sums should be distributed as provided hereinabove, and the second and third causes of action in the third-party complaint should be severed and allowed to proceed as an action for money damages.

MAZZARELLI, J.P., SAXE, SULLIVAN and LERNER, JJ., concur.

Order, Supreme Court, New York County, entered March 21, 2001, reversed, on the law, without costs, plaintiff's cross motion for interpleader relief and discharge from further liability granted, certain sums distributed as provided by the decision herein, and the second and third causes of action in the third-party complaint severed and allowed to proceed as an action for money damages. The unpublished decision and order of this Court entered herein on September 12, 2002 is hereby recalled and vacated.