■ FEDERAL INSURANCE COMPANY, Interpleader Plaintiff, v TYCO INTERNATIONAL LTD., Interpleader Appellant, and FRANK E. WALSH, JR., Interpleader Respondent, et al., Interpleader Defendants. [871 NYS2d 9]—

Outside director Walsh's violation of the Martin Act did not bar his recovery of defense costs under the Federal Insurance directors and officers liability insurance obtained by Tyco. Strictly construing the policy exclusions (*see Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003]) and according meaning to each of their terms (*see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]), the motion court correctly interpreted the exclusions of claims "based on, arising from, or in consequence of" a wrongful act, rather than the language of "interrelated" and explicitly "causally connected" wrongful acts contained in the limit on liability section of the coverage provisions, in finding that there are civil claims against Walsh that are not covered and civil claims against him that are covered.

Walsh's conduct represents only a portion of the acts for which liability is sought to be imposed and was of a different character from that of most of the wrongs alleged in the actions against the corporation, its executives, its accountants and some of its directors.

In equitably distributing the policy proceeds, the court correctly found that the policy gives priority to the claims of "insured persons" over those of the insured corporation, properly considered the corporation's access to excess coverage, and properly declined to consider the order in which the insureds submitted their defense bills (*see Agricultural Ins. Co. v Matthews*, 301 AD2d 257, 260 [2002]).

We have considered Tyco's other contentions and find them unavailing. Concur—Lippman, P.J., Tom, Buckley, Moskowitz and Renwick, JJ.